DE LONG v. ZETO et al.

(Supreme Court, Appellate Division, First Department.   December 3, 1909.)

CONTRACTS (§ 221*)—BUILDING MATERIAL—COMPLETION OF BUILDING.

Where building material was furnished under a contract providing for payment of the price on completion of the building, the price was recoverable on the owner's failure to complete the work within a reasonable time; and it was immaterial that the failure to complete it was owing to the foreclosure of a mortgage on the premises, plaintiff not being responsible therefor.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1015½; Dec. Dig. § 221.*]

Appeal from Trial Term, New York County.

Action by Albert W. De Long against John Zeto and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Mortimer M. Menken (Howard T. Cole, on the brief), for appellant. Sigmund Wechsler, for respondents.

LAUGHLIN, J.  This action was brought to recover the balance alleged to be due on a contract between the parties, by which the plaintiff agreed to furnish and deliver to the defendants certain building materials, in part specially manufactured and framed, to be used in the construction of four three-story frame houses, which the defendants were erecting on Decatur avenue, in the city of Greater New York, for the Cosmos Realty Company.  The agreement between the parties is contained in a letter from the plaintiff, in the name in which he was doing business, to the defendants, under date of September 18, 1907, which was accepted in writing by them.  The plaintiff was merely to furnish and deliver the material, but was not to put any of it in place in the building.  The plaintiff was to receive for the material the sum of $3,300, and the payments were to be made, $1,000 "when standing trim is up," $1,000 "when buildings are complete," and $1,300, the balance, "30 days thereafter."  The evidence shows that the plaintiff delivered all of the material on the premises on which the buildings were being erected, and that it was accepted by the defendants.  The first installment was paid; but the other two installments have not been paid, and the action is to recover the amount thereof.

The last of the material was delivered in the month of December, 1907.  The evidence tends to show that in the month of January thereafter work was suspended on the buildings, that the defendants filed a mechanic's lien, that a mortgage on the premises was foreclosed, and that the premises were sold under the judgment in that action, in which the defendants and the Cosmos Realty Company were made parties defendant.  The evidence indicates that the buildings were never completed by the defendants; but it would seem that that fact might have been more clearly shown.  However, this action was not commenced until the 2d day of November, 1908, nearly one year after

the plaintiff completed the delivery of the material. If the buildings were then completed, there was no defense to the action; and if they were not completed, it would seem, as matter of law, on the facts disclosed by this record, that the defendants had failed to complete the same within a reasonable time, and that the plaintiff was entitled to recover, notwithstanding the express provision of his contract which postponed the payment of these two installments until the completion of the buildings.

If the failure of the defendants to complete the buildings was owing to a foreclosure of a mortgage, that is no defense to this action. The plaintiff was not responsible for the foreclosure action, and the consequences of it cannot be visited upon him. The defendants and the Cosmos Realty Company, with which they contracted and which may be liable to them, had it in their power to protect their rights by paying the indebtedness secured by the mortgage and taking an assignment or discharge thereof, as the case might be. The plaintiff was not a party to the foreclosure action, nor was he concerned therewith.

It follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.