DAVID PRICE, Doing Business as STAR BAKING COMPANY, Appellant, *v.* SPIELMAN MOTOR SALES Co., INC., Respondent.

Second Department, April 15, 1941.

*Israel J. Beck* [*Edward Marks* with him on the brief], for the appellant.

*Henry Weinberger*, for the respondent.

CLOSE, J.   On October 26, 1939, the plaintiff placed a written order with the defendant for the purchase of a Chevrolet truck. The order was placed through one Harry Mars, a salesman employed by the defendant.   The purchase price was $709.20.   Fifty dollars were paid on account, a 1936 model truck was to be taken at a trade-in value of $227.50, and the balance due on delivery, $431.70, was to be paid in cash.   At the same time the plaintiff delivered to the defendant's salesman the transfer stub, transferring title to the used truck, properly signed in blank, not notarized.   The written order or contract prepared by the defendant provided in part as follows: " If my used car is not delivered to you until the new car is delivered to me, my used car will be subject to reappraisal, and your appraisal at that time is to be the allowance made on said used car.   *   *   *   Failure on my part to take the car ordered herein (except for change in price as aforesaid) forfeits my payments on account as liquidated damages for your expense and trouble and permits you to otherwise dispose of the car without any liability to me whatsoever."   The reference to a " change in price " in the foregoing refers to a change of price by the manufacturer and not the retailer.

It appears without dispute that the new truck was to be delivered no later than October 31, 1939.   It also appears without dispute that the new car was ready for delivery on October thirty-first, but because of weather conditions, delivery was postponed until November 1, 1939.   On that day the car was brought to the plaintiff's place of business and he was informed that the new truck would not be delivered unless the plaintiff paid $102.50 in addition to the amount specified in the contract.   The reason given for the increased price was that the old truck had been reappraised and its value fixed at $125.   The plaintiff refused to make such

additional payment and the truck was not delivered, whereupon the plaintiff brought this action for breach of contract and damages. The defendant's answer raised issues of fact and law. The plaintiff moved for summary judgment and to strike out the defendant's answer. The defendant by cross-motion moved to dismiss the plaintiff's complaint and for summary judgment in its favor. The plaintiff's motion was denied and the defendant's motion was granted. In his moving affidavit the plaintiff states the terms of the contract and the facts substantially as stated above.

In opposition to the plaintiff's motion and in support of the cross-motion it is stated in the defendant's affidavits that at the time that the order was taken the salesman did not operate the truck because he was told that the battery was missing, but that the plaintiff assured him the truck was in running condition. It is further stated that the salesman advised the plaintiff that he could not and was not authorized to fix the trade-in value of automobiles and that the price he fixed as to the value would be subject to reappraisal in accordance with the express terms of the order. It is further stated that on the day of delivery the defendant's salesman Mars brought along one Levine to make a final appraisal of the used car and they found it to be in a poor mechanical condition. No affidavit of Levine is furnished. In fact the affidavit by Martin Weinberger, vice-president of the defendant, is based entirely upon hearsay, supported by an affidavit of the salesman reaverring and reaffirming statements based on information given by him to the affiant Weinberger.

The plaintiff in his reply affidavit states his version of the conversation with the salesman. It is to the effect that the only representation he had made was that the truck was running the last time it was used and that it had been standing idle unused and could not be started because the battery had been removed. Thus a question of fact was created as to the representations made as to the condition of the truck. However, as I understand the decision of the court below, the result is based solely upon the unqualified right of the defendant to reappraise the car, regardless of how short the period of time elapsing between the signing of the contract and the delivery of the new truck, and the fact that the truck was standing idle and unused does not affect this right.

I am unable to agree to such an interpretation of the clause of the contract above quoted. Such a construction is inequitable and, in my opinion, untenable. There is implicit in this agreement a reciprocal agreement on the part of the dealer not to change its value arbitrarily where there has been no change in the condition of the used truck. The following excerpt from 25 Cornell Law Quarterly, 615, summarizes the rule to be applied: " Covenants

are implied in two situations, one where the covenant is so clearly within the contemplation of the parties that they deemed it unnecessary to express it, and the other where the covenant was probably beyond the pale of conscious thought of the parties but is necessary in order to give effect to and effectuate the purpose of the contract as a whole. Though a court balks at making a contract for the parties, it will, where justice and expediency demand, infuse the contract with a spirit of good faith and fair dealing in order to justify the implication of a covenant which will prevent one party from impairing the right of the other party to receive the fruits of the contract." Such a promise not to change the value will be implied under the circumstances disclosed by this writing where we may assume that it would have been made if attention had been called to it (*Dermott* v. *State*, 99 N. Y. 101) and will be raised to enforce a manifest equity and to reach a result which the unequivocal acts of the parties indicate that they intended to effect. (*Genet* v. *D. &. H. C. Co.*, 136 N. Y. 593.) " The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal. It takes a broader view to-day. A promise may be lacking, and yet the whole writing may be ' instinct with an obligation,' imperfectly expressed * * *." (*Wood* v. *Duff-Gordon*, 222 N. Y. 88, 91.)

Before the action of the defendant may be justified it is under the burden of establishing either the facts alleged in its affidavits and disputed by the plaintiff or some grounds for reappraisal other than the elapse of five days in time. Otherwise the result would put one party to this contract at the absolute mercy of the other. Such a construction is abhorrent to the law and will not be followed (*Wilson & English Constr. Co.* v. *N. Y. C. R. R. Co.*, 240 App. Div. 479), and this is especially so where the agreement, as here, is prepared by the party seeking to benefit by such construction. (*Raw Silk Trading Co., Inc.*, v. *Katz*, 201 App. Div. 713.)

If the contention of the defendant is upheld and the plaintiff had paid the entire balance of the purchase price at the time the agreement was signed, he would forfeit such payment as liquidated damages if he refused to agree to an increased price based upon any arbitrary reappraisal made by the defendant. And such reappraisal could be made within the hour.

Triable issues exist also upon the question of the delivery of the used truck. The plaintiff parted with his indicia of ownership. The used truck was at the defendant's disposal any time it was ready to remove it.

There is no merit in the defendant's contention, now advanced for the first time, that the plaintiff's cause of action falls because it did not accept the contract in writing. The down payment of fifty dollars was by check to its order. It indorsed the check and collected the amount through its bank. That act creates an acceptance.

The order, in so far as it denies plaintiff's motion for summary judgment, should be affirmed; and the order, in so far as it grants defendant's cross-motion for summary judgment dismissing the complaint, and the judgment entered thereon, should be reversed on the law and the facts, with ten dollars costs and disbursements, and defendant's cross-motion for summary judgment denied, without costs.

LAZANSKY, P. J., and CARSWELL, J., concur; TAYLOR, J., dissents from the decision in so far as it reverses the order granting defendant's cross-motion for summary judgment and the judgment entered thereon, and votes to affirm the order and judgment in their entirety, with opinion; ADEL, J., concurs with TAYLOR, J.

TAYLOR, J. (dissenting). I dissent and vote to affirm the order and judgment. No triable issue is apparent. The value of the old truck to be taken in part payment for the new one was fixed at the sum of $227.50 in the written contract negotiated by the defendant's salesman. That contract provided expressly for reappraisal of the old truck in the event that same was not delivered to the defendant before the delivery to plaintiff of the new one. As matter of law, upon the undisputed facts, there was no such delivery, actual or constructive, of the old truck to the defendant before the attempted delivery of the new one to the plaintiff, at which time defendant, pursuant to the right conferred upon it, reappraised the old truck at the sum of $125 only, in an appraisal not shown to have been arbitrary; and, in effect, offered to close the contract as written, modified only in accordance with such reappraisal. The plaintiff refused to close on those terms, insisting upon closing the contract as originally written, regardless of the reappraisal, and thereby breached the contract and is precluded from recovery.

ADEL, J., concurs with TAYLOR, J.

Order, in so far as it denies plaintiff's motion for summary judgment, affirmed, and the order, in so far as it grants defendant's cross-motion for summary judgment dismissing the complaint, and the judgment entered thereon, are reversed on the law and the facts, with ten dollars costs and disbursements, and defendant's cross-motion for summary judgment denied, without costs.