WILLIAM LUTGEN et al., Plaintiffs, *v.* SAMUEL KAGAN et al., Defendants.

Supreme Court, Special Term, Queens County, April 28, 1947.

*Charles I. Friedman* for plaintiffs.

*Irwin Pakula* for defendants.

DALY, J.  By an agreement dated January 16, 1946, the plaintiffs agreed with the defendants to purchase the latters' two-family dwelling, subject to the monthly tenancy of the tenant, not a party to the agreement.  The agreement was drawn by the sellers' attorney, the plaintiffs being unrepresented.  It provided for the closing to take place on April 16, 1946, " or sooner at the option of the purchasers, if the sellers apartment is vacant."  It also provided that " The sellers agree to make every effort to deliver possession of premises conveyed herein by vacating the first floor apartment which they now occupy, on or before the date provided for closing herein, and the

parties mutually agree that the said closing date will be adjourned until the sellers vacate the first floor apartment.'' The defendants did not vacate the apartment and the closing was adjourned from time to time, notwithstanding that the plaintiffs were even willing to occupy the basement, if the title were closed. This the defendants refused, contending that they were unable to obtain a suitable apartment and were willing to return the deposit and to cancel the agreement. As a consequence, some six months after the original date set for closing, the plaintiffs instituted this action to compel the defendants to specifically perform the contract in question.

The principal issue presented in this case is predicated upon the affirmative defense contained in the answer wherein the defendants allege that they did not vacate the first floor apartment because they were unable to find another similar home and since the closing of title was dependent upon the vacating of such apartment under the provisions of the contract above set forth, the plaintiffs were not entitled to relief at this time.

The trial of this case was completed on March 31, 1947, or more than one year since the contract was executed. Clear and convincing proof was adduced at the trial that during this period the defendants had ample opportunity to obtain reasonable housing facilities. That they did not take advantage of these opportunities is in no small measure due to their reliance upon the provisions of the contract with respect to the adjournment of closing. They apparently believed that they could indefinitely prevent the plaintiffs from enjoying the fruits of their bargain. However, the law is otherwise. As was said in *Wood* v. *Duff-Gordon* (222 N. Y. 88, 91): '' The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal. It takes a broader view today. A promise may be lacking, and yet the whole writing may be ' instinct with an obligation,' imperfectly expressed * * *.''

The contract, one sided as it is with respect to the adjournment of closing, is not only instinct with an obligation on the part of the defendants to exercise good faith in obtaining other living quarters so that the title could be closed, but actually contains language which required them to do that. The provision as to the adjournment of closing is prefixed with the language — '' The sellers agree to make every effort to deliver possession * * * by vacating * * * on or before the date provided for closing * * *.'' This provision does not, in the court's opinion, mean that the defendants could arbitrarily compel the plaintiffs to adjourn the closing indefinitely

merely by continuing to occupy the first floor apartment. Such a result would put one party to a contract at the absolute mercy of the other — a situation which is " abhorrent to the law " (*Price* v. *Spielman Motor Sales Co., Inc.,* 261 App. Div. 626, 629).

In the Cornell Law Quarterly (Vol. 25, pp. 615–616) it was stated: " Though a court balks at making a contract for the parties, it will, where justice and expediency demand, infuse the contract with a spirit of good faith and fair dealing in order to justify the implication of a covenant which will prevent one party from impairing the right of the other party to receive the fruits of the contract."

The defendants were obliged to attempt in good faith to procure an apartment and to vacate the premises within a reasonable time. This they failed to do, and such failure, under the circumstances here presented, is inexcusable.

It follows that the plaintiffs are entitled to judgment as prayed for in the complaint, together with the costs and disbursements of this action.

Settle judgment on notice and provide therein for the closing of title to take place on May 19, 1947, the defendants to vacate their apartment on or before June 2, 1947.