JACOB SILVERMAN, Plaintiff, *v.* HERMAN ALPART, Defendant.

County Court, Albany County, March 23, 1953.

*Eugene J. Steiner* and *Richard C. Johnson* for plaintiff.

*Arthur J. Harvey* and *Harvey M. Lifset* for defendant.

Schenck, J. This is a motion under rule 113 of the Rules of Civil Practice for an order striking out defendant's answer and for summary judgment for the plaintiff. The defendant has made a cross motion for summary judgment in his favor dismissing the complaint. The action involves a contract for the purchase of certain real estate. At the time of the execution of the contract there was located on the premises a building characterized as a diner. The contract provided for a down payment which was made and for further payment at the closing as well as a mortgage. With respect to the date of closing title, the contract contained the following provision:

" Possession on or before June First, 1952 at the time of closing. The closing and possession depends upon the diner on the property being removed on or before that date. In the event that the diner is not removed the purchase price shall be reduced as follows: $150.00 for the month of June; $200.00 for the month of July; $250,000 for the month of August; $300.00 for August [sic] and $300.00 for every month thereafter the said diner occupies said lot. These reductions depend upon the diner occupying

space on said lot, and if diner is removed before the end of any month reduction is to be pro rated.''

Stripped to the essential controversy before this court the problem is reduced to a question of whether the defendant should be compelled to render specific performance of the contract and to execute a deed to the premises even though the diner still remains on the property as of the present time. Nearly a year has elapsed from the date, June 1, 1952, referred to upon the face of the contract.

The ownership of the diner now appears to be in a third party who purchased it in a bankruptcy proceeding involving its prior owner. The purchaser of the diner is presumably endeavoring to sell it and have it removed but has been unsuccessful to date. Removal of the diner would apparently entail considerable expense. As a net result the plaintiff herein has been unable to obtain title to or possession of the premises covered by the contract.

The defendant argues that the contract was conditioned upon the removal of the diner, and he contends that until the diner is removed he is not obliged to pass title to the premises to the plaintiff. The question, therefore, resolves itself into a determination of how long the plaintiff can be denied his right to performance on the part of the defendant, or if indeed the defendant, under existing circumstances, will ever have to perform. The defendant appears to argue that no time limit is involved and that performance of the contract can be delayed indefinitely, presumably forever, if the diner is never removed. Such an interpretation would place upon the contract the type of illusory condition upon which courts of law have long been prone to frown. The general theory applicable here was set forth in the more or less celebrated case of *Wood* v. *Duff-Gordon* (222 N. Y. 88). The court therein held (citing *McCall Co.* v. *Wright,* 133 App. Div. 62, and *Moran* v. *Standard Oil Co.,* 211 N. Y. 187) that, although a promise may be illusory, or indeed wholly lacking, nevertheless, a writing may be '' instinct with an obligation '' even though such obligation may be imperfectly expressed. (P. 91.) This theory has been repeatedly employed in cases where the precise fixing of the time element for performance has been left at loose ends so as to speak. (See *Price* v. *Spielman Motor Sales Co.,* 261 App. Div. 626.)

The principle of the *Wood* v. *Duff-Gordon* theory has, furthermore, been employed by courts long prior to that decision in situations analogous to the one at hand. For example in

*DeLong* v. *Zeto* (135 App. Div. 79) a vendor was permitted to recover the balance of the purchase price of building materials sold and delivered under a contract requiring the vendee to make payment thirty days after completing a building under construction, even though the said vendee never did complete the building because the premises were sold on foreclosure. It was therein pointed out that the plaintiff was not responsible for the foreclosure action and that, therefore, its consequences could not be visited upon him so as to deprive him of his rights under the contract. In the case at hand, the plaintiff should not be deprived of his rights under the contract merely because the diner has not been removed. Such removal is certainly beyond the plaintiff's control, and would appear to be within the control of the defendant as a legal proposition as long as the defendant holds title to the premises on which the diner is located.

It would therefore follow that the plaintiff should be entitled to enforce this contract within a reasonable time taking into consideration the understanding of the parties as expressed in the written agreement, the pertinent portion of which has been quoted above. It is to be noted that reference to the removal of the diner indicates that the purchase price should be reduced by certain specified amounts for the first three months after June 1, 1952, during which the diner remained on the premises, and that the said purchase price should further be reduced $300 per month for each additional month thereafter that the diner occupied the lot. To date, those first three months have elapsed as have several additional months. Nevertheless the diner remains on the premises. The fact that the parties referred to several specific months indicates that they contemplated reasonably early removal of the diner thereafter even though a final date was not set. I am constrained to hold that a reasonable time has now expired and that, under the foregoing authorities, the plaintiff is now entitled to performance by the defendant under the terms of the contract.

Any other interpretation would render this contract purely illusory. The courts, where such interpretation is possible, have always given legal effect to purported agreements even though such agreements may not be tied down to specific dates of performance with precision. The situation at hand falls squarely within that category of cases where the meaning of a writing should be ascribed an interpretation of legality rather than of meaningless illusion which would necessarily follow from carrying defendant's argument to its ultimate conclusion. The plaintiff, furthermore, should not be compelled to delay the

commencement of his action until such subsequent time as might occasion the defendant to set up the defense of laches.

The authority of *Axelrath* v. *Spencer Kellogg & Sons* (33 N. Y. S. 2d 94, affd. 265 App. Div. 874, affd. 290 N. Y. 767) cited by defendant, does not apply here. The condition precedent in that case involved approval by a governmental authority, an entirely different situation from the question of removal of a building from property owned and controlled by the defendant. This is, furthermore, purely a question of law and I can perceive no triable issue of fact.

An order may accordingly be entered granting plaintiff's motion and striking out defendant's answer. The cross motion of defendant is denied. The order for judgment of specific performance should provide for closing under the contract forthwith and immediate removal of the diner by the defendant, or removal by the plaintiff at expense to be charged to defendant. The purchase price will reflect the lapse of time between June 1, 1952, and the date of closing, making appropriate allowance for reduction in the contract price.