JACOB SILVERMAN, Respondent, *v.* HERMAN ALPART, Appellant.

Third Department, November 12, 1953.

*Arthur J. Harvey* for appellant.

*Richard C. Johnson* and *Eugene J. Steiner* for respondent.

IMRIE, J. Defendant has appealed to this court from a final order and judgment of Albany County Court granted on plaintiff's motion under rule 113 of the Rules of Civil Practice for an order striking out defendant's answer and for judgment for specific performance of a contract for the sale and purchase of real property.

The contract involved was for the sale and purchase of a parcel of land on Central Avenue in the city of Albany. At the time it was executed the lot was and still is occupied by a so-called diner. No date appears on the contract, but it is alleged to have been executed on March 18, 1952. The purchase price was stated as $23,140, of which $2,140 was paid as a deposit with $8,000 to be paid and a $13,000 purchase money mortgage delivered on the closing date. This controversy arises out of that part of the contract reading, '' Possession On or before June first, 1952 at the time of closing. The closing and possession depends upon the diner on the property being removed on or before that date. In the event that the diner is not removed the purchase price shall be reduced as follows: $150.00 for the month of June; $200.00 for the month of July; $250.00 for the month of August; $300.00 for August [sic.] and $300 for every month thereafter that said diner occupies said lot. These reductions depend upon the diner occupying space on said lot, and if diner is removed before the end of any month reduction is to be pro rated. * * * Time of Transfer: On or before June 1, 1952 or as set forth heretofore.''

The diner was originally owned by one Reilly, who was adjudicated a bankrupt. The trustee in that bankruptcy was the attorney for this defendant. The diner was sold by him, as trustee, on January 28, 1952. The terms of sale provided that purchaser have three months, February, March and April, for its removal. The purchaser and present owner is said to be Alfred Equipment Company.

There was no denial of statements in plaintiff's affidavits in support of his motion to the effect that the closing of title was postponed from June 1, 1952, on defendant's request for '' a reasonable time '' in order to afford an opportunity to remove the diner. Nor has defendant denied plaintiff's averments of tender of demands and offers of performance on November 5th and 7th, more than five months later. Defendant's answering affidavits and those in support of this cross motion for the dismissal of plaintiff's complaint aver, in general terms only, that, when plaintiff signed the contract, he knew defendant was not the owner of the diner but that it had been sold in a bankruptcy

proceeding and that such third-party ownership was the reason why closing and possession depended on the ability of the owner to sell and remove the diner. These wholly conclusory statements were denied by plaintiff. Such affidavits contain no evidentiary facts, nor did defendant state *facts* indicating a meritorious defense. Under the circumstances, therefore, the issue resolves itself into one of law for the court.

Defendant's contention is that the wording of the contract ("The closing and possession depends upon the diner on the property being removed on or before that date," meaning June 1, 1952) demonstrates that the intent of the parties was that there should be no closing until after the diner had been removed. He holds that the words set up a condition precedent which must be performed before he is obligated to tender the deed and possession, which he may delay indefinitely. In this court he also argues that, because the diner belongs to another, the performance of the condition precedent is in the hands of a third party and he can do nothing other than allow plaintiff the stipulated reduction of the purchase price. He does suggest that, if this situation exists long enough, it will be possible for plaintiff to obtain the property for nothing. The reply might be that, by the same token, plaintiff might never have possession.

Let us assume, without conceding the point, that the removal of the diner is a condition precedent to defendant's performance of the contract. For aught that appears he was and is the absolute owner of the lot. His affidavits recite the sale of the diner at a bankruptcy sale with the provision for its removal within three months. There is nothing from which may be inferred any legal right of the purchaser to occupy the lot in question or to prevent proceedings by its owner to regain complete possession. The performance of such condition precedent is in the hands of defendant only. Can defendant equitably, for reasons best known to him and disclosed neither to plaintiff nor the court, by inaction defeat plaintiff's possession and use of the property?

The contract contained a clear original promise to sell. It may be that the insertion of the quoted clause has resulted in the blurring of such obligation by reason of imperfect expression. Indeed, if we accept defendant's view, his obligation has become entirely illusory. Yet the whole writing is "instinct with an obligation" fairly implying a promise to convey, and to do so within a reasonable time. "The law has outgrown its primitive stage of formalism when the precise word was the

sovereign talisman, and every slip was fatal. It takes a broader view today. A promise may be lacking, and yet the whole writing may be ' instinct with an obligation,' imperfectly expressed * * * We are not to suppose that one party was to be placed at the mercy of the other.'' (*Wood* v. *Duff-Gordon,* 222 N. Y. 88, 91.) '' Though a court balks at making a contract for the parties, it will, where justice and expediency demand, infuse the contract with a spirit of good faith and fair dealing in order to justify the implication of a covenant which will prevent one party from impairing the right of the other party to receive the fruits of the contract.'' (25 Corn. L. Q., pp. 615–616, as cited in *Lutgen* v. *Kagan,* 189 Misc. 732, 734; *Price* v. *Spielman Motor Sales Co.,* 261 App. Div. 626, 629.)

It is not within reasonable human experience that these parties intended to make a contract of the nature now claimed by defendant, performance of which could be indefinitely postponed. In the construction of contracts a meaning that will sustain is preferred over one which will defeat the instrument. (*Ga Nun* v. *Palmer,* 216 N. Y. 603, 610; *Meyer* v. *Price,* 250 N. Y. 370, 378.) '' Before it is found that the parties intended to make so one-sided a contract as claimed by the defendant, such intention should appear with sufficient certainty to require such a finding.'' (*Wigand* v. *Bachmann-Bechtel Brewing Co.,* 222 N. Y. 272, 278.)

Equity requires the construction that defendant was obligated to convey title and possession to plaintiff on June 1, 1952, or within a reasonable time thereafter, and that plaintiff is entitled to specific performance, such reasonable time having passed. The order and judgment appealed from should be affirmed, with costs to respondent.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Judgment and order affirmed, with costs to the respondent.