Hon. Peter B. Edelman Director Division For Youth
This is in reply to your letter of February 9, 1978, in which you request my opinion as to whether the former chairman of the board of directors of a not-for-profit corporation which has a contract with the Division for Youth signed by such person, can be employed by the corporation for compensation in a staff position funded by the contract.
You have furnished me with a copy of the contract, which is in the form of an agreement for the corporation to operate a youth service program for a term beginning January 2, 1978 and ending January 1, 1979, with the costs thereof to be reimbursed by the Division for Youth, up to a maximum of $250,000.00.
Executive Law, § 501 (2), authorizes such contracts between your Division and not-for-profit corporations for the operation and maintenance of youth development and work training programs to prevent and control juvenile delinquency.
I note that the contract was signed for the corporation by the former chairman of the board, as president of the corporation. We have been informed by your office that this individual also resigned as president of the corporation.
The manner of execution of the contract is not determinative of your inquiry, however, as the contract was, in fact, made by the corporation, and not its board chairman-president. The identity and titles of the person who signed the contract are important only to establish that the corporate official who executed the contract was authorized to do so.
In your request for an opinion, however, you also note the provisions of paragraph "N" of Article VII of the contract which states:
 "Vannguard agrees that no officers, or directors or members of the corporation shall be hired or retained by the corporation to fill any staff position or perform any service required by the terms of this agreement."
The question of whether the employment of this person subsequent to his resignation as chairman of the board and president violates the above-quoted provision depends on whether there was an oral or written agreement between this person and the corporation prior to the effective date of his resignation, that he would be retained by the corporation to serve in a staff position funded by this contract.
The contract must be construed so as to give effect to the substantial intent of the parties as expressed in the contract (Manson v. Curtis, 223 N.Y. 313, 119 N.E. 559 [1918]; Price v. Spielman Motor Sales Co., 261 App. Div. 626, 26 N.Y.S.2d 836 [2d Dept., 1941]).
The obvious purpose of this provision is to prevent those with authority from directing the receipt of salary benefits under the contract to themselves. Obviously, this provision could be frustrated if it were construed to permit one in corporate authority to resign in order to facilitate accepting a position funded under the contract, merely on the grounds that he did not begin work in the funded position until after his resignation.
Accordingly, the words "hired or retained" must be construed to apply in cases of persons hired or retained to perform service subsequent to their resignation date, as well as those actually performing services while officers, directors or members of the corporation.
The answer to your inquiry, therefore, depends on whether there was such an oral or written agreement for the retention of services prior to the resignation of this person as president and chairman of the board. This aspect of the matter was not set forth in your request, and the actual facts may be known only by the principals of this corporation.
In addition, you have provided me with a copy of the certificate of incorporation of Vannguard Urban Improvement Association. I note that paragraph "9" of the certificate provides that:
 "9. No part of the net earnings of the corporation shall inure to the benefit of any member, director of the corporation, or any private individual (except that reasonable compensation may be paid for services rendered to or for the corporation affecting one or more of its purposes), and no member, trustee, officer of the corporation, or any private individual shall be entitled to share in the distribution of any of the corporate assets on dissolution of the corporation."
It is obvious that since the certificate of incorporation expressly permits current members and directors of the corporation to receive compensation for other services to the corporation and does not prohibit acting officers from receiving such compensation, there is also no internal corporate prohibition against former officers or directors receiving compensation for services.
Therefore, the retention of this individual to perform services under this contract subsequent to his resignation as director and officer of the corporation would be prohibited only if the above described provision in the corporation's contract with the State became operative in the manner described above by virtue of any oral or written agreement between this individual and the corporation made prior to his resignation.