◼ JEFERNE, INC., Respondent, v MICHAEL J. CAPANEGRO et al., Defendants, and SUN HAVEN AT AMAGANSETT et al., Appellants. — In an action to foreclose a mortgage, the appeal is from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 12, 1983, as denied a motion to dismiss the action as to all defendants other than Sun Haven Motel Corp. and to strike the action from the calendar. Order reversed insofar as appealed from, on the law, and motion granted. Plaintiff initially commenced this action predicated on the allegations that the mortgage payment due on June 10, 1981 was not timely made. On a prior appeal, this court reversed an order which denied summary judgment dismissing the complaint against defendant Sun Haven Motel Corp., and granted such dismissal, stating that "it is clear that no overt act was taken, or even attempted, to notify appellant of plaintiff's intention to exercise its right of acceleration. Without such an overt act, appellant's tender of payment for the amount in default was improperly refused" (*Jeferne, Inc. v Capanegro,* 89 AD2d 577). While that appeal was

pending plaintiff served a supplemental complaint which alleged that Sun Haven Motel Corp. (hereinafter Sun Haven) defaulted in the payment of mortgage installments due in the months of June through December, 1981. Thereafter, appellants moved for an order dismissing the action as to all defendants other than Sun Haven and striking the action from the calendar on the ground that this court's decision was the law of the case. Special Term denied the motion on the ground that plaintiff's second complaint was an "amended" complaint which replaced the original complaint and rendered academic the prior appeal to this court. Furthermore, Special Term stated that a prior order of Special Term which denied summary judgment dismissing the second complaint was the law of the case as to the issues of tender, accord and satisfaction. We disagree. The second complaint was identical to the first complaint except for asserting claims as to the mortgage payments that accrued subsequent to the service of the first complaint. Therefore, the second complaint was a supplemental complaint which did not undermine the legal effect of this court's determination involving the original complaint. Therefore, our prior determination is the law of the case. After the commencement of this action, Sun Haven continued to mail each monthly mortgage payment as it became due. Plaintiff returned each payment through December, 1981. In January, 1982, plaintiff advised Sun Haven that it was depositing the January payment without prejudice to its rights to accelerate and demanded all arrears which were also to be accepted without prejudice to its rights. Sun Haven responded that it would tender the arrears only if plaintiff acknowledged that Sun Haven was not in default. Sun Haven continued to tender each monthly installment, now noting on each check that deposit constituted a waiver of any alleged default under the mortgage. Plaintiff accepted each such installment, but deleted Sun Haven's restrictive indorsement and indorsed each check "without prejudice" prior to deposit. Our decision that the tender of the June, 1981 payment was unlawfully refused necessarily makes the refusal of the tender of payment for the July through December, 1981 installments also unlawful. The record reveals that when those payments were first tendered, no condition was placed by Sun Haven upon its tender. Plaintiff's refusal to accept them was based upon the premise that it had a right to accelerate payment, a premise which this court rejected on the prior appeal. Generally, a tender of payment in order to be effectual must be unconditional and must be kept good (see, generally, 59 NY Jur, Tender, §§ 1, 17, and cases cited therein). However, where tender is relied on defensively, there is no requirement that it be kept good (see, e.g., *Werner v Tuch,* 127 NY 217; *Kortright v Cady,* 21 NY 343; cf. *Greary v Dade Dev. Corp.,* 29 NY2d 457). Thus, the fact that Sun Haven later placed a condition on its tender of the July to December payments did not render its tender ineffectual because those payments had already been unconditionally offered and unlawfully refused. Damiani, J. P., Mangano, O'Connor and Niehoff, JJ., concur.