■ FOREIGN TRADE DEVELOPMENT COMPANY OF ORANGE COUNTY, INC., Respondent-Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY, Appellant-Respondent, et al., Defendant.—In an action, *inter alia,* to recover damages for an actual partial eviction, (1) the defendant Metropolitan Transportation Authority appeals from so much of an order of the Supreme Court, Orange County (Green, J.), dated June 11, 1984, as granted the plaintiff's motion for leave to amend its complaint to the extent that the plaintiff was permitted to assert a claim for damages for an actual partial eviction, and the plaintiff cross-appeals from so much of the same order as denied its motion for leave to amend its complaint to assert the second cause of action set forth in the proposed amended complaint, and (2) the plaintiff appeals from a judgment of the Supreme Court, Orange County (Dickinson, J.), entered August 15, 1985, which, after a nonjury trial, dismissed the complaint.

Appeal and cross appeal from the order dated June 11, 1984, dismissed, without costs or disbursements *(see, Matter of Aho,* 39 NY2d 241, 248).

Judgment affirmed, without costs or disbursements.

This action arose out of an agreement pursuant to which the plaintiff rented certain buildings at Stewart Airport from the appellant-respondent for use as a foreign trade zone. The agreement made no mention whatever of either of the airport's two runways. For 30 months during the five-year term

of the agreement, the airport's main runway was closed in order for the appellant-respondent to extend and resurface it. The plaintiff commenced this action for damages for an actual partial eviction, alleging that use of the runway was an appurtenance essential for the plaintiff's enjoyment of the demised premises and that an obligation on the appellant-respondent's part to keep the runway open was implied in the agreement.

At trial, witnesses for both parties testified that during negotiation of the agreement there had been discussion of the fact that work on the airport runway was planned. The plaintiff's witnesses testified that they were never told that the appellant-respondent planned to close the runway. The plaintiff's witnesses did state, however, that they were aware of the existence of a runway project and had received a copy of an airport development study which had stated that an extension and strengthening of the main runway was planned. Despite this information, the plaintiff's principals never asked any questions concerning the runway project and never inquired as to whether the work would necessitate the closing of the runway.

Since it is not the function of a court to remake a contract freely agreed to by the parties to it, a party who asserts the existence of an implied-in-fact covenant bears the heavy burden of proving that the particular unexpressed promise sought to be enforced is in fact implicit in the agreement viewed as a whole (*Rowe v Great Atl. & Pac. Tea Co.*, 46 NY2d 62). While we agree with the plaintiff that use of the runway was reasonably essential to its enjoyment of the demised premises (*see, Fabrycky, Inc. v Nad Realty Corp.*, 261 App Div 268; *lv denied* 261 App Div 987), we cannot conclude, based upon this record, that an obligation to keep the runway open was "so clearly within the contemplation of the parties that they deemed it unnecessary to express it" (*Price v Spielman Motor Sales Co.*, 261 App Div 626, 629). The testimony of the plaintiff's own witnesses established an awareness on their part that work on the runway was planned. In such a circumstance, the plaintiff should have been on notice that there was a possibility of an interruption in its use of the runway. It therefore cannot be said that an obligation to keep the runway open was implicit in the agreement taken as a whole. Accordingly, the court was correct in granting judgment to the appellant-respondent.

Finally, the lack of merit of the second cause of action contained in the plaintiff's proposed amended complaint which

sounded in fraud, was "clear and free from doubt" *(Goldstein v Brogan Cadillac Oldsmobile Corp.,* 90 AD2d 512, 514), since the plaintiff unreasonably failed to make an adequate investigation of the possibility that the runway would be closed, despite its knowledge that work on the runway was planned *(see, Brown v Lockwood,* 76 AD2d 721). Mangano, J. P., Gibbons, Thompson and Bracken, JJ., concur.