■ GARY CARROLL et al., Respondents, v RUTH MILLER, Appellant, et al., Defendant.—In an action for declaratory and injunctive relief, the defendant Ruth Miller appeals from a judgment of the Supreme Court, Queens County (Durante, J.), which, upon a nonjury trial, awarded judgment in favor of the plaintiffs declaring that a prepayment privilege in a "wraparound" mortgage executed by the plaintiffs to Miller created an implied obligation on the part of Miller to satisfy the underlying mortgage on the property upon prepayment of the "wrap-around", and awarded the plaintiffs damages for lost interest in the amount of $16,005.37.

Ordered that the judgment is reversed, on the law, with costs, and it is declared that the prepayment privilege in the "wrap-around" mortgage executed by the plaintiffs to Ruth Miller does not create an obligation on the part of Miller to satisfy an underlying mortgage upon prepayment of the "wrap-around".

This action arose out of the plaintiffs' purchase of real property from the owner, the defendant Ruth Miller, through the use of a purchase-money "wrap-around" mortgage at 15% interest, to be held by Miller as mortgagee. It was agreed that the mortgage would wrap-around an existing construction loan on the property held by the defendant Maspeth Federal Savings and Loan Association at a lower interest rate of 7½%. The wrap-around mortgage provided that "mortgagor [the plaintiffs] shall have the right to prepay this mortgage on 30 days written notice to mortgagee". The prepayment provision of the agreement made no mention of the underlying mortgage on the property, which was to mature in the year 2001, or sooner if prepaid with penalty. At trial, testimony indicated that the plaintiffs were fully aware of the existence of the underlying loan.

When the plaintiffs gave notice of their intention to exercise their right to prepay the "wrap-around" mortgage, the defendant refused to promise them that she would pay off the underlying loan, and this declaratory action ensued. At trial, the issue was whether the plaintiffs' right to prepay the second, or wrap-around, mortgage gave rise to an implied obligation on behalf of the defendant to satisfy the original underlying mortgage. The court found that an implied agreement existed, and awarded judgment to the plaintiffs. We disagree, and determine that no such implied obligation can be found.

Because it is not the function of a court to remake a contract freely agreed to by the parties to it, a party who asserts the existence of an implied-in-fact covenant bears the heavy burden of proving that a particular unexpressed promise sought to be enforced is in fact implicit in the agreement viewed as a whole (see, Rowe v Great Atl. & Pac. Tea Co., 46 NY2d 62; Foreign Trade Dev. Co. v Metropolitan Transp. Auth., 119 AD2d 725; Gimbel Bros. v Brook Shopping Centers, 118 AD2d 532). Upon this record, we cannot conclude that an obligation to satisfy the underlying mortgage was " 'so clearly within the contemplation of the parties that they deemed it unnecessary to express it' " (Foreign Trade Dev. Co. v Metropolitan Transp. Auth., supra, at 726, quoting Price v Spielman

*Motor Sales Co.,* 261 App Div 626, 629). The evidence at trial established an awareness on the plaintiffs' part that the underlying mortgage created a first-priority lien upon the property. In such a circumstance, the plaintiffs should have been on notice that there was a possibility of a lien on their property after prepayment of the wrap-around mortgage. It therefore cannot be said that an obligation to satisfy the underlying mortgage was implicit in the agreement taken as a whole. Accordingly, the court incorrectly awarded judgment to the plaintiffs. Thompson, J. P., Bracken, Miller and Ritter, JJ., concur.