■ GARY CARROLL et al., Appellants-Respondents, v RUTH MILLER, Respondent-Appellant, et al., Defendant. [624 NYS2d 627] —In an action for declaratory and injunctive relief, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Durante, J.), entered August 10, 1993, as, upon granting the motion of the defendant Ruth Miller pursuant to CPLR 5015 for restitution, is in favor of her and against them in the principal sum of $31,720.17 and the defendant Ruth Miller cross-appeals from so much of the judgment as awarded her interest at a rate of only 16% per annum and failed to award her attorney's fees.

Ordered that the judgment is modified, on the law, by deleting from the fourth and sixth decretal paragraphs thereof the sum "$31,720.17" and substituting therefor the sum of "$31,530.80"; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the respondent-appellant, and the matter is remitted to the Supreme Court, Queens County, for a hearing on the issue of the attorney's fees due to the defendant Ruth Miller and for the entry of an amended judgment.

"This action arose out of the plaintiffs' purchase of real property from the owner, the defendant Ruth Miller, through the use of a purchase-money 'wrap-around' mortgage at 15% interest, to be held by Miller as mortgagee. It was agreed that the mortgage would wrap-around an existing construction loan on the property held by the defendant Maspeth Federal Savings and Loan Association at a lower interest rate of 7½%" *(Carroll v Miller, 166 AD2d 492, 493)*. Pursuant to the terms of the wrap-around mortgage, on November 19, 1986, the plaintiffs gave Miller 30-days notice of their intention to prepay that mortgage. However, when Miller refused their demands that she prepay the Maspeth mortgage, this action

ensued. The trial court found that the plaintiffs' right to prepay the wrap-around mortgage gave rise to an implied agreement on behalf of Miller to prepay the Maspeth mortgage *(Carroll v Miller, supra)*, and a declaratory judgment was entered to that effect.

Pending Miller's appeal to this Court from that judgment, the plaintiffs obtained a new mortgage on the property, and used a portion of the proceeds of that loan to prepay the Maspeth mortgage on behalf of Miller. They also sent Miller a check, which according to the plaintiffs' calculations, was sufficient to pay off the remaining amount of the wrap-around mortgage. In a decision and order dated October 9, 1990, however, this Court reversed the judgment of the trial court, finding that the plaintiffs' right to prepay the wrap-around mortgage did not give rise to an implied agreement which obligated Miller to prepay the Maspeth mortgage *(Carroll v Miller, supra)*. Thereafter, Miller moved in Supreme Court pursuant to CPLR 5015 (d) for restitution. At issue on this appeal is the extent to which Miller is entitled to restitution from the plaintiffs.

The plaintiffs' contention that they fully repaid the wrap-around mortgage is without merit. Contrary to their assertions, at no time did they make a valid tender of payment of that mortgage to Miller. Tender is defined, *inter alia,* as "[t]he act by which one produces and offers to a person holding a claim or demand against him the amount of money which he considers and admits to be due, in satisfaction of such claim or demand, *without any stipulation or condition"* (Black's Law Dictionary 1467 [6th ed 1990] [emphasis added]; *see, Jeferne, Inc. v Capanegro,* 96 AD2d 577). In this case, whatever offer the plaintiffs made to prepay the wrap-around mortgage was conditioned on Miller's prepayment of the Maspeth mortgage. This constituted an impermissible condition. We also note that there was no evidence that the plaintiffs tendered payment of the amount due Miller directly to the court pursuant to RPAPL 1521. However, since Miller admits that the plaintiffs made regular monthly payments to her on the wrap-around mortgage from December 1986 to December 1988, we find, for purposes of this appeal only, that the plaintiffs were not in default upon their failure to prepay the mortgage on December 19, 1986. Yet, they were in default thereafter, when they failed to make any further payments on the wrap-around mortgage until July 31, 1989.

As such, we conclude that the plaintiffs should receive full credit for the monthly mortgage payments made on the wrap-

around mortgage from December 1986 until December 1988. Review of the amortization table for this mortgage reveals that after making the December 1988 payment, the plaintiffs would have owed $52,273.04 in principal on that mortgage. Further, the interest on the January 1990 payment would have been $103.74. Thus, when the plaintiffs defaulted, they owed Miller $52,376.78 on the wrap-around mortgage. Because the wrap-around mortgage provided that interest was payable at the rate of 16% per annum upon the plaintiffs' default, Miller is entitled to interest at that rate. From January 31, 1989, when plaintiffs defaulted, until July 31, 1989, when plaintiffs next made payment on the mortgage, the interest owed to Miller was $4,190.14. Thus, on July 31, 1989, plaintiffs owed Miller $56,566.92.

It is undisputed that on July 31, 1989, the plaintiffs paid Miller $8,198.06 and paid Maspeth Federal Savings and Loan Association $22,450.77 to pay off the Maspeth mortgage. In its discretion, however, the trial court credited the plaintiffs with only $16,838.06 towards the amount they paid to Maspeth. We find this to be a proper exercise of the court's discretion and do not disturb its conclusion in this regard (see, Merriam v Wood & Parker Lith. Co., 155 NY 136; Stahl v Norwich, 205 App Div 424). Therefore, plaintiffs were entitled to a total credit of $25,036.12 towards the amount they owed Miller, and thus, on August 1, 1989, they owed Miller $31,530.80. Since the plaintiffs were still in default on the wrap-around mortgage, the court properly determined that Miller is entitled to interest at 16% pursuant to its terms. Finally, we note that because the plaintiffs were in default on the mortgage, according to the terms of the mortgage, Miller is entitled to recover reasonable attorney's fees, if any, incurred in seeking restitution. Lawrence, J. P., Santucci, Friedmann and Florio, JJ., concur.