■ ROBERT M. SLADE, Respondent, v METROPOLITAN LIFE INSURANCE COMPANY et al., Appellants. [647 NYS2d 504] —Order,

Supreme Court, New York County (Martin Schoenfeld, J.), entered April 12, 1996, which denied defendant employer's motion to compel arbitration of plaintiff employee's claims, unanimously affirmed, with costs.

Discharged from his employment with defendant insurance company, plaintiff commenced this action against it and various of its officers for wrongful termination and related causes of action. Defendants moved to compel arbitration, relying on a Form U-4 Uniform Application for Securities Industry Registration or Transfer filed by plaintiff, at the company's behest, with the National Association of Securities Dealers ("NASD"), of which the company is a member. Insofar as pertinent, the Form contains plaintiff's agreement to arbitrate any dispute that might arise between him and the company "that is required to be arbitrated under the rules, constitutions, or by-laws of [NASD]", including, in particular, "[a]ny dispute * * * between or among members and/or associated person(s) * * * arising out of the employment or termination of employment of such associated person(s) with such member".

Thus, in order to compel plaintiff to arbitrate his employment-related claim, it must be shown that he was an "associated person". Had NASD intended to subject all employment-related disputes to arbitration, it could have used the phrase "any employee of a member", rather than "associated person". Indeed, the definition of "associated person" in the NASD By-Laws stands in stark contrast to the definition contained in the Securities Exchange Act (15 USC § 78c [a] [21]), which is similar to the By-Laws' definition but adds the phrase "or any employee of such member". The absence of that phrase from the By-Laws should be interpreted as a conscious decision not to require all employees to arbitrate their employment-related disputes.

The NASD By-Laws define an "associated person" as "every sole proprietor, partner, officer, director, or branch manager of any member, or any natural person occupying a similar status or performing similar functions, or any natural person engaged in the investment banking or securities business who is directly or indirectly controlling or controlled by such member." (Art I, ¶ 1101 [m].) Although the company established plaintiff as a "Single Person Sales Office", an experimental position created specially for plaintiff in which he ran his own office, had his own clerical and support staff, and had check-writing authority, that position is not akin to a "branch manager", since he did not supervise any other sales agents, and a company document confirms that the position was treated as a "mere" sales-

man, albeit one who was freed of certain constraints. Nor does the fact that plaintiff was registered to sell securities, of itself, qualify him as one "engaged in the * * * securities business", another category of "associated person." The phrase "engaged in" connotes some degree of actual participation in the securities business, and not just some tangential connection.

The motion court properly refused to consider documents, purporting to demonstrate that plaintiff did actually sell some securities, that were proffered for the first time in defendants' sur-sur-reply papers. The issue was outside the scope of the sur-reply papers, and even outside the scope of the reply papers (*see, Scherrer v Time Equities*, 218 AD2d 116, 120-121). Concur—Sullivan, J. P., Rosenberger, Kupferman, Tom and Mazzarelli, JJ.