■ GRAND PACIFIC FINANCE CORP., Respondent, v 97-111 HALE, LLC, et al., Appellants. (And Another Action.) [935 NYS2d 17]—

In this action to recover the amounts due under three loans, plaintiff established its prima facie entitlement to judgment as a matter of law by providing evidence that it held the three notes and that defendants had failed to make the payments due under the notes (*Superior Fid. Assur., Ltd. v Schwartz*, 69 AD3d 924, 925 [2010]). In addition, defendants admitted in both their answer and amended answer that they had defaulted on the three notes.

Defendants' opposition failed to raise a triable issue of fact

sufficient to defeat summary judgment. The notes and related guarantees prohibited defendants from bringing any counterclaims in an action to collect under the notes, and absolutely and unconditionally guaranteed payment of the debt irrespective of any lack of validity or enforceability of any loan document. Thus, regardless of the merit of the counterclaims and cross claims, the guarantees effectively barred the defenses (*Banco do Estado de Sao Paulo v Mendes Jr. Intl. Co.*, 249 AD2d 137, 138 [1998]). Moreover, the claims of fraudulent inducement by plaintiff were irrelevant to the two loans originally made by a nonparty, from whom plaintiff acquired the notes, and the third loan was made to defendant Hale Club, which did not claim that it was defrauded.

Supreme Court properly struck and refused to consider those portions of defendants' surreply that went beyond the scope of the permitted surreply, which was to address only whether the counterclaims and cross claims should be severed (*see Slade v Metropolitan Life Ins. Co.*, 231 AD2d 467, 469 [1996]).

The motion court properly confirmed the Referee's report. At the hearing before the Referee, plaintiff provided detailed calculations of the interest and other sums due and defendants failed to rebut any of that evidence. Defendants were not entitled to discovery before the hearing; any documentation of payment on the loans would have been within their possession or could have been obtained from their financial institutions. The Referee properly accepted copies of the various loan documents since a "reproduction, which accurately reproduces . . . the original . . . is as admissible in evidence as the original" (CPLR 4539 [a]; *see also Banco Nacional de Mexico v Ecoban Fin.*, 276 AD2d 284 [2000]).

We have considered defendants' remaining claims and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Andrias, Sweeny and Román, JJ.