Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered on or about February 18, 2011, which, to the extent appealed from, granted plaintiff’s motion for summary judgment against defendants in the principal amounts due under a promissory note and an amended letter of investment to plaintiffs president, and denied defendants’ cross motion for summary judgment on their counterclaim, unanimously modified, on the law, to deny plaintiff’s motion insofar as it sought to hold defendant Kossoff personally liable for the principal amount due under the amended letter, and otherwise affirmed, without costs.
Plaintiff made a prima facie showing of its entitlement to judgment as a matter of law in the principal sum of $200,000 as against defendant Farmview by submitting the promissory note and the amended letter, as well as evidence of Farmview’s default under those documents (see Grand Pac. Fin. Corp. v 97-111 HALE, LLC, 90 AD3d 534 [2011]; IRB-Brasil Resseguros S.A. v Portobello Intl. Ltd., 84 AD3d 637 [2011]). In opposition, defendants failed to raise a triable issue of fact.
However, as against defendant Kossoff, plaintiff only established its entitlement to recover the principal sum of $180,000 pursuant to Kossoff s personal guaranty. Plaintiff failed to make *446 a prima facie showing that Kossoff personally guaranteed Farmview’s obligation, set forth in the amended letter, to return plaintiffs $20,000 investment at plaintiffs option, or that Kossoff agreed to add his personal liability to Farmview’s (see Salzman Sign Co. v Beck, 10 NY2d 63 [1961]; cf. Paribas Props. v Benson, 146 AD2d 522, 525 [1989]). Indeed, Kossoffs personal guaranty is expressly limited to the $180,000 promised in the note (see Wesselman v Engel Co., 309 NY 27, 30-31 [1955]; 665-75 Eleventh Ave. Realty Corp. v Schlanger, 265 AD2d 270, 271 [1999]), and his initials on the amended letter on his firm’s letterhead does not constitute “clear and explicit evidence” of his intent to be personally bound by the handwritten promise on the letter (Salzman, 10 NY2d at 67).
We have considered defendants’ remaining contentions, including their arguments regarding their counterclaim, and find them unavailing. Concur — Gonzalez, P.J., Friedman, Renwick, Manzanet-Daniels and Roman, JJ.