In an action to foreclose a mortgage, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated March 5, 2012, which denied their motion for summary judgment on the complaint.
Ordered that the order is reversed, on the law, with costs, and the plaintiffs’ motion for summary judgment on the complaint is granted.
The plaintiffs met their initial burden of establishing their prima facie entitlement to a judgment of foreclosure by producing the mortgage, the note, and evidence of default (see Baron Assoc., LLC v Garcia Group Enters., Inc., 96 AD3d 793, 793 [2012]; GRP Loan, LLC v Taylor, 95 AD3d 1172, 1173 [2012]; Citibank, N.A. v Van Brunt Props., LLC, 95 AD3d 1158, 1159 [2012]). Accordingly, it was incumbent upon the defendants to produce evidentiary proof in admissible form sufficient to demonstrate the existence of a triable issue of fact as to a bona fide defense “such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff[s]” (Mahopac Natl. Bank v Baisley, 244 AD2d 466, 467 [1997]; see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 183 [1982]; Baron Assoc., LLC v Garcia Group Enters., *840 Inc., 96 AD3d at 793). The respondents failed to raise a triable issue of fact concerning their fraud defense, and they are barred by the parol evidence rule from introducing evidence of an alleged oral modification of the note and mortgage which would make the note and mortgage relate only to one parcel of property rather than the two parcels of property expressly named in the terms of the note and mortgage (see Eastern Sav. Bank, FSB v Sassouni, 68 AD3d 917, 918 [2009]; M & T Mtge. Corp. v Ethridge, 300 AD2d 286, 287-287 [2002]; Bank of N.Y. v Lockwood Venture Hous., 222 AD2d 633 [1995]; cf. Bontempts v Aude Constr. Corp., 98 AD3d 1071, 1072 [2012]; Hallaway Props, v Bank of N.Y., 155 AD2d 897 [1989]).
The respondents’ remaining contentions are without merit, and the remaining defendants did not oppose the plaintiffs’ motion.
Accordingly, the Supreme Court should have granted the plaintiffs’ motion for summary judgment on the complaint. Mastro, J.P., Austin, Cohen and Miller, JJ., concur.