OPINION OF THE COURT
Cohen, J.
Since 2008, New York homeowners finding themselves in the devastating position of defending a mortgage foreclosure action involving their primary residence have been afforded certain protections enacted by the New York State Legislature (see L 2008, ch 472; Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9 [2013]; see also Hon. Mark C. Dillon, The Newly-Enacted CPLR 3408 for Easing the Mortgage Foreclosure Crisis: Very Good Steps, but Not Legislatively Perfect, 30 Pace L Rev 855, 855-856 [2010]). Shortly after the passage of the subprime residential loan and foreclosure laws, and in a further effort to mitigate the mortgage foreclosure crisis, the legislature amended a number of the enacted statutes, primarily to allow more homeowners at risk of foreclosure to benefit from the consumer protection laws and opportunities to prevent foreclosure (see L 2009, ch 507). On this appeal, we are asked to determine whether the current version of one of these statutes, CPLR 3408, mandates that a settlement conference be conducted in an action to foreclosure a mortgage on a primary residence where the mortgage collateralizes a personal guaranty of a commercial loan to a corporation. While CPLR 3408 reflects a clear legislative intent to aid homeowners threatened with foreclosure, we hold that its protective ambit does not extend to the facts at bar, and thus no settlement conference was required in this case.
On December 18, 2006, the plaintiff, Independence Bank, entered into a commercial term loan agreement with Roz-Valt Corp., a New York corporation (hereinafter Roz-Valt), in the principal sum of $230,000. The loan was memorialized by a promissory note duly executed by the defendant Roselyn *64 Valentine, as Roz-Valt’s president. As delineated in the term loan agreement, the primary purpose of the loan was to purchase machinery and equipment, and to fund other various start-up, closing, and construction costs associated with fashioning a “Quizno’s Sub” shop in leasehold premises located in Brooklyn. Valentine executed a personal guaranty for the loan, and, as collateral security for her obligation under the guaranty, executed and delivered a mortgage to the plaintiff in the amount of $230,000, giving the plaintiff a subordinate lien on her primary residence located in Queens.
Following Roz-Valt’s default on the loan, and Valentine’s failure to honor her personal guaranty, the plaintiff commenced the instant action to foreclose the mortgage. Valentine answered the complaint, denying its material allegations, and asserting four affirmative defenses, including, as her fourth affirmative defense, that she was entitled to a mandatory settlement conference pursuant to CPLR 3408, “for the subject premises [are] a one to four family residence and the defendant is a resident of the property.”
By notice dated October 31, 2011, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Valentine and for an order of reference. Valentine opposed the motion, contending that she was entitled to a mandatory settlement conference pursuant to CPLR 3408. The Supreme Court granted the motion.
Entitlement to a judgment of foreclosure is established, as a matter of law, where the plaintiff produces the mortgage, the unpaid note, and evidence of the default (see Emigrant Mtge. Co., Inc. v Beckerman, 105 AD3d 895 [2013]; Solomon v Burden, 104 AD3d 839 [2013]; Baron Assoc., LLC v Garcia Group Enters., Inc., 96 AD 3d 793, 793 [2012]). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the mortgage and the underlying unpaid note, both of which were executed by Valentine in her capacity as Roz-Valt’s president, the personal guaranty by Valentine, and evidence that Roz-Valt and Valentine were in default (see Baron Assoc., LLC v Garcia Group Enters., Inc., 96 AD3d at 793).
Notably, Valentine did not dispute the validity of any of the agreements, nor did she deny that Roz-Valt defaulted on the loan and that she defaulted on her personal guaranty. Valentine did not allege or produce evidence in admissible form sufficient to raise a triable issue of fact as to a bona fide defense such as waiver, estoppel, bad faith, fraud, or oppressive or unconscion *65 able conduct on the part of the plaintiff (see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 183 [1982]; Solomon v Burden, 104 AD3d at 839). Valentine’s sole argument in opposition to the plaintiff’s prima facie showing was that she was improperly denied the opportunity to participate in a settlement conference pursuant to CPLR 3408.
CPLR 3408 mandates foreclosure settlement conferences in specified circumstances. While the statute originally applied only to foreclosure actions involving high-cost home loans or subprime or nontraditional home loans (see former CPLR 3408 [a]), the legislature amended the statute in November 2009 (see L 2009, ch 507, § 9) to broaden its applicability (see Wells Fargo Bank, N.A. v Meyers, 108 AD3d at 17-18). The current version of the statute applies to “any residential foreclosure action involving a home loan as such term is defined in section thirteen hundred four of the real property actions and proceedings law, in which the defendant is a resident of the property subject to foreclosure” (CPLR 3408 [a]). Real Property Actions and Proceedings Law § 1304 (5) (a) (i)-(iv) defines a qualifying “home loan” as one in which, inter alia, the borrower is a natural person; the borrower incurs the debt “primarily for personal, family, or household purposes”; and the loan is secured by a mortgage on real property in this state “used or occupied, or intended to be used or occupied wholly or partly, as the home or residence of one or more persons and which is or will be occupied by the borrower as the borrower’s principal dwelling.”
Valentine urges this Court to interpret these statutes as being applicable to the instant matter since she is a natural person and the mortgaged premises are occupied by her as her primary residence. While we agree with Valentine’s contention that the legislature, in enacting these statutes, sought to assist homeowners at risk of foreclosure, we nonetheless find Valentine’s interpretation of the relevant statutes unpersuasive.
In determining the reach of CPLR 3408, the “ ‘starting point’ is ‘the language itself, giving effect to the plain meaning thereof ” (Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d 55, 60 [2013], quoting Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]). “ ‘[W]here the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used’ ” (Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d at 60, quoting Patrolmen’s Benevolent Assn. of City of N.Y. v City of *66 New York, 41 NY2d 205, 208 [1976], citing Bender v Jamaica Hosp., 40 NY2d 560 [1976]). “Moreover, ‘[i]t is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature’ ” (Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d at 60, quoting Majewski v Broadalbin-Perth Cent. School Dist, 91 NY2d at 582, citing Patrolmen’s Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d at 208).
CPLR 3408 is certainly applicable to many residential foreclosure actions. However, CPLR 3408 does not apply to every residential foreclosure action. Indeed, CPLR 3408 is limited to residential foreclosure actions involving home loans as the term “home loan” is defined by RPAPL 1304. As so defined, home loans are those which are made to a natural person and in which the debt incurred is primarily for personal, family, or household purposes (see RPAPL 1304 [5] [a] [i], [ii]).
The borrower, as defined under the instant term loan agreement and the note, and the entity that is recognized in the guaranty, was Roz-Valt. Accordingly, the borrower of the sum evidenced by the note was Roz-Valt, not Valentine. The borrower, Roz-Valt, was not a natural person (see RPAPL 1304 [5] [a] [i]).
Further, the debt incurred was the $230,000 loan given to Roz-Valt. The Supreme Court correctly determined that, since the purpose of the loan was to purchase machinery and equipment, and to fund other various start-up, closing, and construction costs associated with fashioning a “Quizno’s Sub” store, it was clearly not primarily incurred for personal, family, or household purposes (see RPAPL 1304 [5] [a] [ii]; see also Horizons Invs. Corp. v Brecevich, 104 AD3d 475 [2013]; Pritchard v Curtis, 101 AD3d 1502, 1503-1504, 1504 n 1 [2012]; Ukranian Natl. Fed. Credit Union v Balko, 40 Misc 3d 505 [Sup Ct, Westchester County 2013]; Eastern Sav. Bank, FSB v Aguirre, 30 Misc 3d 1230[A], 2011 NY Slip Op 50285[U] [Sup Ct, Queens County 2011]).
While it is unfortunate that here, a primary residence may be lost in foreclosure, not everyone under every circumstance is entitled to reap the protections afforded to victims of the mortgage crisis by the New York Legislature pursuant to CPLR 3408. Under these facts, Valentine does not fall within the protections afforded to homeowners under CPLR 3408. Here, the plaintiff made a loan to Roz-Valt, a corporation, not Valentine, a natural person. Valentine simply acted as the *67 guarantor of Roz-Valt’s loan. Valentine used her own primary residence in Queens to secure her obligations as guarantor of the mortgage. Therefore, Valentine acted only as the guarantor of this loan, not a borrower, in using her own home as collateral security. This mortgage was not given to secure or collateralize the note, but rather, Valentine gave the plaintiff a subordinate lien on her primary residence as Roz-Volt’s guarantor.
Accordingly, since a mortgagor is only entitled to a mandatory settlement conference under CPLR 3408 for a home loan that falls under the definition outlined in RPAPL 1304 (5) (see Wells Fargo Bank, N.A. v Meyers, 108 AD3d at 18; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 104-105 [2011]), and the loan here does not fall within the ambit of that statute, the Supreme Court properly rejected Valentine’s argument and granted those branches of the plaintiffs motion which were for summary judgment on the complaint insofar as asserted against Valentine and for an order of reference.
The order is affirmed insofar as appealed from.
Dillion, J.P, Angiolillo and Dickerson, JJ., concur.
Ordered that the order is affirmed insofar as appealed from, with costs.