OPINION OF THE COURT
Francesca E. Connolly, J.
The plaintiff commenced this foreclosure action on March 6, 2008. An order granting the plaintiff summary judgment and appointing a referee to compute was entered on September 25, 2008 (Colabella, J.), and a judgment of foreclosure and sale was entered on December 5, 2008 (Colabella, J.). For reasons unbeknownst to this court, the property was never sold at auction.
The plaintiff now moves, by notice of motion filed October 23, 2013, to vacate the order of reference and the judgment of foreclosure and sale, claiming that it is currently unable to verify the accuracy of the notarization of the affidavit submitted in support of its prior motion for summary judgment, as required by Administrative Order of the Chief Administrative Judge of the Courts AO/431/11. In addition to seeking to vacate those prior orders, the plaintiff moves for a new order granting it summary judgment and appointing a referee to compute, in support of which it submits a new affidavit of merit. The plaintiff also moves to amend the complaint, nunc pro tunc, by correcting the amount of late charges that accrued prior to default, and correcting the escrow balance. Finally, the plaintiff moves to amend the caption and the complaint by deleting and dismissing the action insofar as asserted against John Does Nos. 1 to 10.
The defendant homeowners, Christopher Casanova and Robin Harris, oppose the motion in part.[1]
According to the defendants, the subject property is residential and is currently occupied by them. While the defendants do not oppose the branches of the motion which seek to vacate the order of reference and judgment of foreclosure and sale, and amend the complaint and caption, they oppose the entry of a new order granting the plaintiff summary judgment at this time. Specifically, they contend that the plaintiffs failure to take any action in furtherance of the suit since December 5, 2008, when the judgment of foreclosure and sale was entered, constitutes an effective abandonment of the action. The defend *584 ants contend that the plaintiff is now attempting to simply “reactivate” this old action, rather than purchasing a new index number and being forced to comply with the foreclosure requirements now in effect. Accordingly, the defendants request a settlement conference pursuant to CPLR 3408, arguing that it would be inequitable to permit the plaintiff to start the action over without affording them the benefit of a settlement conference.
Discussion/Analysis
As an initial matter, the court grants the unopposed branches of the plaintiffs motion which are to vacate the order of reference entered on September 25, 2008 and the judgment of foreclosure and sale entered on December 5, 2008.
However, for the reasons that follow, the branches of the plaintiffs motion which are for summary judgment and an order of reference, and to amend the caption and complaint, are denied without prejudice to renew, and the matter is referred to the Foreclosure Settlement Conference Part of this court.
In response to the ongoing foreclosure crisis, the New York State Legislature has enacted a number of procedural and substantive protections for homeowners defending a foreclosure action involving their primary residence (see Independence Bank v Valentine, 113 AD3d 62 [2d Dept, Nov. 27, 2013]). Among these new protections was the enactment of CPLR 3408, which, in its original form, provided for a mandatory foreclosure settlement conference in a residential foreclosure action involving a high-cost home loan or a subprime or nontraditional home loan, as those terms were statutorily defined (see L 2008, ch 472, § 3). The statute was later amended to apply to all residential foreclosure actions involving a primary residence (see L 2009, ch 507, § 9).
The legislation also addressed the retroactivity of CPLR 3408 to ongoing foreclosure actions. Curiously, the retroactivity provisions are not located in the CPLR itself, but rather, retroactivity is addressed in an unconsolidated law (see Hon. Mark C. Dillon, The Newly-Enacted CPLR 3408 for Easing the Mortgage Foreclosure Crisis: Very Good Steps, but not Legislatively Perfect, 30 Pace L Rev 855, 871 [spring 2010]). Specifically, section 3-a of the enacting legislation provided that in “any foreclosure action on a residential mortgage loan, in which the action was initiated prior to September 1, 2008 but where the final order of judgment has not yet been issued,” the defendant would be *585 entitled to request a foreclosure settlement conference (see L 2008, ch 472, § 3-a [emphasis added]). The subsequent legislation, which expanded the applicability of CPLR 3408 to all residential foreclosure actions involving a primary residence, amended section 3-a by making it applicable to “any foreclosure action on a home loan, in which the action was initiated prior to September 1, 2008 but where the final order of judgment has not been issued” (see L 2009, ch 507, § 10 [omitting indicators of redaction and addition used in the legislative text]).
Despite these provisions making foreclosure settlement conferences retroactive, it is unclear how the defendants in this action were never afforded the benefit of such a conference, despite the fact that the action was commenced in March 2008, nearly six years ago. However, it appears that, upon the entry of a judgment of foreclosure and sale in December 2008, the defendants were no longer entitled to request one.[2]
In any event, the question this court must decide is whether the defendants are now entitled to a foreclosure settlement conference. Since the court is simultaneously herewith granting the unopposed branches of the plaintiff’s motion that are to vacate the order of reference and the judgment of foreclosure and sale, the case is being restored to a pre-final judgment status. The plaintiff has not rebutted the defendants’ assertion that the subject property is residential and is presently occupied by them. Accordingly, pursuant to section 3-a of the enacting legislation, since the action was commenced prior to September 1, 2008, and a final judgment has not been entered in the action, the defendants have a statutory right to request a foreclosure settlement conference (see L 2008, ch 472, § 3-a; L 2009, ch 507, § 10; cf. LaSalle Bank N.A. v Novetti, 24 Misc 3d 1206[A], 2009 NY Slip Op 51285[U] [Sup Ct, Suffolk County 2009]).
Based upon the foregoing, it is hereby ordered that the plaintiffs motion is granted to the extent of vacating the order of reference entered on September 25, 2008, vacating the judg *586 ment of foreclosure and sale entered on December 5, 2008, and the motion is otherwise denied with leave to renew upon being released from the foreclosure settlement conference part; and it is further ordered that the parties shall appear in the Foreclosure Settlement Conference Part on March 3, 2014, at 9:30 a.m., in courtroom 1803 of the Westchester County Courthouse located at 111 Dr. Martin Luther King, Jr., Boulevard, White Plains, New York 10601; and it is further ordered that all other relief requested and not decided herein is denied.

. The opposition papers consist of the affidavit of Christopher Casanova, who indicates that the defendant Harris is his wife.

. Here, the action was initiated on March 5, 2008, prior to the effective date of CPLR 3408. The court cannot determine from this record whether the residential home loan at issue was high-cost or subprime, but, assuming that the loan was not high-cost or subprime, then the defendants would not have been entitled to request a foreclosure settlement conference when CPLR 3408 was enacted (see L 2008, ch 472, § 3-a). Additionally, regardless of whether the loan was high-cost or subprime, then the expanded legislation in 2009 would not have entitled them to a conference since a final judgment of foreclosure and sale had already been entered in December 2008 (see L 2009, ch 507, §10).