■ AURORA LOAN SERVICES, LLC, Respondent, v RIA ENAW et al., Appellants, et al., Defendants. [7 NYS3d 146]—

In an action to foreclose a mortgage, the defendants Ria Enaw and Augustin G. Enaw appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated January 9, 2013, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them and dismissing their counterclaims.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff established its prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against the appellants by the production of the mortgage, the unpaid note, and evidence of default (*see US Bank N.A. v Weinman*, 123 AD3d 1108 [2014]; *Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]; *Solomon v Burden*, 104 AD3d 839

[2013]; *Baron Assoc., LLC v Garcia Group Enters., Inc.*, 96 AD3d 793, 793 [2012]; *Petra CRE CDO 2007-1, Ltd. v 160 Jamaica Owners, LLC*, 73 AD3d 883, 884 [2010]).

In opposition to the plaintiff's motion for summary judgment, the appellants failed to raise a triable issue of fact. The appellants' defense of fraud is without merit. The assertion made by the appellant Ria Enaw, to the effect that she had been led to believe that a reduced monthly payment in the sum of $2,666.01 was guaranteed to remain in effect at least until June 2014, was contradicted both by the terms of the note itself and by the final Truth-in-Lending disclosure statement that was signed by her and the appellant Augustin G. Enaw on March 27, 2007. Any expectation that the appellants would benefit from an annual interest rate of 1.25%, as set forth in a good faith estimate, is flatly contradicted by the interest rate, as set forth on the note itself, and the annual percentage rate that is set forth on the final Truth-in-Lending disclosure statement. A borrower may not properly claim to have reasonably relied on representations that are plainly at odds with the loan documents governing the terms of the loan (*see generally Solomon v Burden*, 104 AD3d 839 [2013]; *Bontempts v Aude Constr. Corp.*, 98 AD3d 1071, 1073 [2012]; *Grand Pac. Fin. Corp. v 97-111 HALE, LLC*, 90 AD3d 534 [2011]; *Eastern Sav. Bank, FSB v Sassouni*, 68 AD3d 917 [2009]).

The appellants' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellants and dismissing their counterclaims. Eng, P.J., Austin, Cohen and Barros, JJ., concur.