██ JPMorgan Chase Bank, National Association, Respondent, v Vicki Schott, Also Known as Vicki A. Mosello and Another, Appellant, et al., Defendant. [15 NYS3d 359]—Motion by the appellant for leave to reargue an appeal from an order of the Supreme Court, Westchester County, dated September 5, 2012, which was determined by decision and order of this Court dated November 19, 2014.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted and, upon reargument, the decision and order of this Court dated November 19, 2014 (*JPMorgan Chase Bank, N.A. v Schott*, 122 AD3d 801 [2014]), is recalled and vacated, and the following decision and order is substituted therefor:

In an action to foreclose a mortgage, the defendant Vicki Schott, also known as Vicki A. Mosello, also known as Vicki A. Schott, appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated September 5, 2012, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her and to appoint a referee.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2004, the appellant obtained a mortgage loan from Washington Mutual Bank, F.A. (hereinafter WaMu). In 2008, after WaMu had entered receivership by the Federal Deposit Insurance Corporation (hereinafter the FDIC), the plaintiff and the FDIC entered into a purchase and assumption agreement, pursuant to which the plaintiff acquired all of WaMu's loans and loan commitments (*see JPMorgan Chase Bank, N.A. v Russo*, 121 AD3d 1048 [2014]; *JPMorgan Chase Bank N.A. v*

*Miodownik*, 91 AD3d 546, 547 [2012]). In 2010, the plaintiff commenced this action to foreclose on the appellant's mortgage.

The Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellant and to appoint a referee. In support of its motion, the plaintiff produced the mortgage, the unpaid note, and evidence of default (*see Nationstar Mtge., LLC v Catizone*, 127 AD3d 1151, 1152 [2015]; *Aurora Loan Servs., LLC v Enaw*, 126 AD3d 830 [2015]). The plaintiff also established that it had standing to commence the action, and that it strictly complied with the notice requirement of RPAPL 1304 (*see Emigrant Mtge. Co., Inc. v Persad*, 117 AD3d 676, 677 [2014]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 103 [2011]). Accordingly, the plaintiff established its entitlement to judgment as a matter of law. In opposition, the appellant failed to raise a triable issue of fact as to a bona fide defense (*see Wells Fargo Bank, N.A. v DeSouza*, 126 AD3d 965 [2015]; *Rimbambito, LLC v Lee*, 118 AD3d 690 [2014]). Rivera, J.P., Skelos, Dickerson and Barros, JJ., concur.