*1165 OPINION OF THE COURT
Judith F. O’Shea, J.
Findings of Fact
On or about February 11, 2009, defendant entered into a “reverse mortgage” agreement with World Alliance Financial Corporation. The subject property of the mortgage lien is 64 Rolling Acres Road, Pine City, New York. On or about April 17, 2010, the mortgage was assigned to Residential Mortgage Services, Inc. On or about July 18, 2010, the mortgage was then assigned to plaintiff.
The instant action was initiated by the filing of a summons and complaint on June 8, 2016. In its complaint, plaintiff alleged that defendant defaulted on the terms of the mortgage by failing to pay real estate taxes in February 2016. Under the terms of the note and mortgage, plaintiff declared the loan in default, and due in full in an amount of $152,524.78 plus interest, disbursements, and other fees.
A request for judicial intervention was filed with the court on May 30, 2017. On that same date, plaintiff filed a motion for an order of reference, requesting that the court appoint a referee. Defendant opposes plaintiff’s motion, alleging that plaintiff proceeded without the completion of a mandatory settlement conference, as required by CPLR 3408.
Conclusions of Law
In response to the ongoing foreclosure crisis, the New York State Legislature enacted a number of procedural and substantive protections for homeowners defending a foreclosure action involving their primary residence. (See Independence Bank v Valentine, 113 AD3d 62 [2d Dept 2013].) Among these new protections was the enactment of CPLR 3408, which, in its original form, provided for a mandatory foreclosure settlement conference in a residential foreclosure action involving a high-cost home loan or a subprime or nontraditional home loan, as those terms were statutorily defined. The statute was later amended to apply to all residential foreclosure actions involving a primary residence. (JP Morgan Chase Bank, N.A. v Casanova, 43 Misc 3d 582 [Sup Ct, Westchester County 2014].)
On April 20, 2017, CPLR 3408 was further amended, in that the phrase “other than a reverse mortgage” was deleted as an exception to the definition of a home loan in RPAPL 1304. Additionally, RPAPL 1304 was amended to include language stat *1166 ing, “A home loan shall include a loan secured by a reverse mortgage.” The effective date of this legislation was set retroactively to December 21, 2016. (See L 2017, ch 58, § 3.)
CPLR 3408 and its implementing regulation, Uniform Rules for Trial Courts (22 NYCRR) § 202.12a, state that residential mortgage foreclosure actions that meet the definition of a home loan shall be scheduled for a settlement conference within 60 days of the filing of a request for judicial intervention. With the 2017 amendments, this now also applies to residential foreclosures on reverse mortgages.
In the case at bar, a mandatory foreclosure settlement conference, pursuant to CPLR 3408, has not been held.
It is therefore, ordered that plaintiff’s motion for an order of reference is denied, without prejudice.