■ COCHRAN INVESTMENT COMPANY, INC., Respondent, v ROBERT S. JACKSON et al., Defendants, and THERESA JACKSON, Appellant. [834 NYS2d 198]—

In an action to foreclose a mortgage, the defendant Theresa Jackson appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Held, J.), dated September 6, 2006, as, upon an order of the same court dated April 20, 2006, granting those branches of the plaintiff's motion which were for summary judgment and to strike her answer, affirmative defenses, and counterclaims, is in favor of the plaintiff and against her.

Ordered that on the Court's own motion, the notice of appeal from the order dated April 20, 2006 is deemed a premature notice of appeal from so much of the judgment dated September 6, 2006, as, upon the order, is in favor of the plaintiff and against the appellant (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment dated September 6, 2006 is affirmed insofar as appealed from, with costs.

The plaintiff mortgagee Cochran Investment Company, Inc., established its prima facie entitlement to judgment against the

defendant mortgagor Theresa Jackson (hereinafter the appellant) by submission of the mortgage and unpaid note with the appellant's signature on them, and evidence of default, thereby shifting the burden to the appellant to raise a triable issue of fact (*see Household Fin. Realty Corp. of N.Y. v Winn,* 19 AD3d 545 [2005]; *Fleet Natl. Bank v Olasov,* 16 AD3d 374 [2005]; *Coppa v Fabozzi,* 5 AD3d 718 [2004]; *Republic Natl. Bank of N.Y. v O'Kane,* 308 AD2d 482 [2003]; *EMC Mtge. Corp. v Riverdale Assoc.,* 291 AD2d 370 [2002]). It was incumbent on the appellant "to demonstrate the existence of a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff" (*Mahopac Natl. Bank v Baisley,* 244 AD2d 466, 467 [1997]; *see State Bank of Albany v Fioravanti,* 51 NY2d 638, 647 [1980]). Even when viewed in the light most favorable to the appellant, her submissions were insufficient to raise a triable issue of fact (*see Fleet Mtge. Corp. v Rebich,* 227 AD2d 518 [1996]). Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment and to strike the appellant's answer, affirmative defenses, and counterclaims. Mastro, J.P., Fisher, Angiolillo and McCarthy, JJ., concur.