■ EMIGRANT MORTGAGE COMPANY, INC., Respondent, v BARRY TURK et al., Defendants, and CAROL CATUSCO TURK, Ap-

pellant. [895 NYS2d 722]—In an action to foreclose a mortgage, the defendant Carol Catusco Turk appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated January 13, 2009, as granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against her, and (2) so much of an order of the same court, also dated January 13, 2009, as denied her cross motion, in effect, pursuant to CPLR 3408 (a) to schedule a settlement conference.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The plaintiff Emigrant Mortgage Company, Inc. (hereinafter Emigrant), established its prima facie entitlement to judgment as a matter of law by submitting the relevant mortgage, the underlying note, and evidence of a default (see Cochran Inv. Co., Inc. v Jackson, 38 AD3d 704, 704-705 [2007]; Household Fin. Realty Corp. of N.Y. v Winn, 19 AD3d 545, 546 [2005]; Miller Planning Corp. v Wells, 253 AD2d 859 [1998]). In opposition, the appellant failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted Emigrant's motion for summary judgment on the complaint insofar as asserted against the appellant.

The Supreme Court properly denied the appellant's cross motion, in effect, pursuant to CPLR 3408 (a) to schedule a settlement conference. Inasmuch as the subject mortgage was not a "subprime . . . home loan" as defined in RPAPL 1304, the appellant was not entitled to a settlement conference (see CPLR 3408 [a]). Fisher, J.P., Angiolillo, Leventhal and Lott, JJ., concur.