■ New York Community Bank, Respondent, v Parade Place, LLC, et al., Appellants, et al., Defendants. [947 NYS2d 426]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered May 4, 2010, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as against defendant Parade Place, LLC, under index No. 117349/08, and orders, same court and Justice, entered on or about May 5, 2010, which, insofar as appealed from as limited by the briefs, granted plaintiff's motions for summary judgment as against Parade Place and defendants Saadia Shapiro and Marla Shapiro under index Nos. 117348/08 and 117350/08, unanimously affirmed, with costs.

Pursuant to CPLR 5520 (c), we deem Saadia Shapiro's and

Marla Shapiro's appeals from the order under index No. 117350/08 appeals from the order under index No. 117348/08 as well.

In opposition to plaintiff's prima facie showing that it was entitled to foreclosure, defendants contended that plaintiff did not give the requisite notice of default under the respective mortgages. However, their argument consists of the assertion that plaintiff failed to *allege* that it gave the notice and the conditional statement that "if" it had not complied with the notice requirement, it could not foreclose. These assertions do not raise an issue of fact whether plaintiff gave the requisite notice. Moreover, defendants never argued before the motion court that they had not received notice or that there was anything whatsoever improper about the notice, and they may not raise these arguments for the first time on appeal.

Defendants also failed to raise issues of fact as to fraud in the inducement and unclean hands. In her affidavit, Saadia Shapiro makes conclusory and unsubstantiated assertions and does not actually state that plaintiff had agreed not to foreclose until the assemblage was complete or that plaintiff knew about, and acquiesced, to the secondary financing (*see Bank Leumi Trust Co. of N.Y. v Lightning Park*, 215 AD2d 246 [1995]; *Friesch-Groningsche Hypotheekbank Realty Credit Corp. v Ward Equities*, 188 AD2d 397 [1992]). Furthermore, defendants appear to be impermissibly trying to use discovery as a "fishing expedition [because] they cannot set forth a reliable factual basis for their suspicions" (*see Orix Credit Alliance v Hable Co.*, 256 AD2d 114, 116 [1998]).

The complaints' description of the properties subject to foreclosure is sufficient since the respective parcels can be identified and located with reasonable certainty (*see Wilshire Credit Corp. v Y.R. Bldrs.*, 262 AD2d 404 [1999]). The mortgaged properties are identified by their addresses and references to tax maps, and for two of the three properties, a metes and bounds description is given as well. Furthermore, defendants failed to provide any documentation, or citation to a public or other record, or any other evidence in admissible form, to support their assertion that all three properties are now a single tax lot. Concur—Andrias, J.P., Sweeny, Manzanet-Daniels and Román, JJ. [**Prior Case History: 2010 NY Slip Op 31069(U).**]