Garry, J.
Appeal from an order of the Supreme Court (Dowd, J.), entered January 30, 2012 in Chenango County, which denied defendant Thomas Ventra’s motion to vacate a judgment of foreclosure and sale.
In September 2007, defendant Thomas Ventra (hereinafter defendant) executed a promissory note in favor of James D. Trefz that was secured by a mortgage on property located in the City of Norwich, Chenango County. Defendant paid the first installment against this obligation and then, by his own admission, ceased to make any further payments. Trefz assigned the note and mortgage to plaintiff, and plaintiff commenced this foreclosure action. Following service of defendant’s answer, plaintiff moved for summary judgment and Supreme Court granted the motion.* Defendant moved to vacate the judgment of foreclosure and sale. He now appeals from Supreme Court’s order denying this motion, and we affirm.
Defendant established no grounds for vacatur of the judgment (see CPLR 5015). Plaintiff established that it was the assignee of the note and mortgage when the action was commenced (see Deutsche Bank Natl. Trust Co. v Whalen, 107 AD3d 931, 932 [2013]). Defendant’s claims regarding plaintiff’s al *1096 leged lack of authority raise issues of standing and were thus waived by defendant’s failure to assert them as affirmative defenses in the answer or in a timely pre-answer motion (see Capital One, N.A. v Knollwood Props. II, LLC, 98 AD3d 707, 708 [2012]; CitiMortgage, Inc. v Rosenthal, 88 AD3d 759, 761 [2011]; Deutsche Bank Natl. Trust Co. v Jackson, 68 AD3d 805, 805 [2009]). Further, even if these arguments had merit, they would not establish a basis for vacatur pursuant to CPLR 5015 (a) (4), as subject matter jurisdiction is not implicated (see HSBC Bank USA, N.A. v Ashley, 104 AD3d 975, 975-976 [2013], lv dismissed 21 NY3d 956 [2013]).
Defendant asserted as an affirmative defense that Trefz was in fact responsible for the default, as he failed to make an agreed-upon payment to defendant pursuant to a separate contract. However, the obligation to make this payment was not a term of the note and mortgage; thus, this alleged breach by Trefz does not constitute a defense to defendant’s default.
The record establishes that the property at issue is a commercial office building, and defendant makes no claim that it is his home or has ever been used for residential purposes. Thus, he is not entitled to a settlement conference or the other protections accorded to homeowners in residential foreclosures (see CPLR 3408; RPAPL 1304; 22 NYCRR 202.12-a; see also Emigrant Mtge. Co., Inc. v Turk, 71 AD3d 721, 721 [2010]), nor would the failure to conduct such a conference, even if required, give rise to a claim for vacatur by depriving the court of subject matter jurisdiction (see Pritchard v Curtis, 101 AD3d 1502, 1504 [2012]). Finally, we find no abuse of discretion by Supreme Court in excusing plaintiffs brief delay in filing papers in opposition to the motion (see CPLR 2004; Matter of Burkich, 12 AD3d 755, 756 [2004]). Defendant’s remaining contentions have been examined and found to be waived or without merit.
Rose, J.P, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

 Defendant was represented by counsel when his answer was served, but acted pro se thereafter.