■ EMIGRANT FUNDING CORPORATION, Respondent, v PATRICIA AGARD, Appellant, et al., Defendants. [995 NYS2d 153]—

In an action to foreclose a mortgage, the defendant Patricia Agard appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), entered October 4, 2012, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action, inter alia, to foreclose upon two mortgages secured against certain commercial property owned by the defendant Patricia Agard (hereinafter the defendant). In her answer, the defendant denied the allegations of the complaint and asserted, as an affirmative defense, that she

did not default in paying the mortgages. The plaintiff thereafter moved, inter alia, for summary judgment on the complaint. The defendant opposed the motion and continued to contend that she had not defaulted. She also contended that she did not receive the letters that the plaintiff purportedly sent to her notifying her that she was in default and claimed that these letters were not mailed in accordance with the terms of the mortgages and notes. The Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant.

"[I]n an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default" (*Argent Mtge. Co., LLC v Mentesana*, 79 AD3d 1079, 1080 [2010] [internal quotation marks omitted]; *see Baron Assoc., LLC v Garcia Group Enters., Inc.*, 96 AD3d 793, 793 [2012]; *U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez*, 49 AD3d 711, 711 [2008]). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on its complaint by submitting the subject commercial mortgages and the underlying unpaid notes executed by the defendant and evidence that the defendant was in default (*see Argent Mtge. Co., LLC v Mentesana*, 79 AD3d at 1080).

Accordingly, the burden then shifted to the defendant to lay bare her proof in opposition to the plaintiff's prima facie showing (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068 [1979]). Even when viewed in the light most favorable to the defendant, her submissions were insufficient to raise a triable issue of fact (*see Cochran Inv. Co., Inc. v Jackson*, 38 AD3d 704, 705 [2007]).

The defendant's contention that she did not receive the letters that the plaintiff purportedly sent to her notifying her that she was in default and her claim that these letters were not mailed in accordance with the terms of the mortgages and notes do not provide a defense to this foreclosure action. Although the plaintiff submitted evidence that it mailed letters to the defendant notifying her that she was in default, the mortgages and notes did not obligate the plaintiff to provide the defendant with any notice of default (*cf. Wells Fargo Bank, N.A. v Eisler*, 118 AD3d 982, 983 [2014]; *HSBC Mtge. Corp. [USA] v Gerber*, 100 AD3d 966, 966-967 [2012]; *Norwest Bank Minn. v Sabloff*, 297 AD2d 722, 723 [2002]).

The defendant's remaining contentions are not properly before this Court.

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant. Rivera, J.P., Hall, Austin and Roman, JJ., concur.