■ FLUSHING SAVINGS BANK, FSB, Respondent, v SHARP REALTY, LLC, et al., Defendants, and CIE SHARP, Appellant. [23 NYS3d 908]—

In an action, inter alia, to foreclose a mortgage, the defendant Cie Sharp appeals from an order of the Supreme Court, Kings County (Pfau, J.), dated July 3, 2013, which, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on its cause of action to foreclose the mortgage.

Ordered that the order is affirmed, with costs.

The plaintiff established its prima facie entitlement to judgment as a matter of law on its cause of action to foreclose the mortgage by submitting the mortgage, the underlying unpaid note, and evidence of default (*see Emigrant Funding Corp. v Agard*, 121 AD3d 935, 936 [2014]; *Baron Assoc., LLC v Garcia Group Enters., Inc.*, 96 AD3d 793 [2012]). Accordingly, the burden then shifted to the defendant Cie Sharp (hereinafter the appellant) to demonstrate the existence of a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff (*see Independence Bank v Valentine*, 113 AD3d 62, 64-65 [2013]; *Mahopac Natl. Bank v Baisley*, 244 AD2d 466, 467 [1997]).

Even when viewed in the light most favorable to the appellant (*see Emigrant Funding Corp. v Agard*, 121 AD3d at 936), his conclusory assertions in his affidavit submitted in opposition to the motion were not supported by competent evidence (*see North Fork Bank v Hamptons Mist Mgt. Corp.*, 225 AD2d 596, 597 [1996]; *Home Sav. Bank v Schorr Bros. Dev. Corp.*,

213 AD2d 512, 513 [1995]), and therefore failed to raise a triable issue of fact concerning his fraud defense (*see Solomon v Burden*, 104 AD3d 839, 840 [2013]), or whether the plaintiff's conduct was unconscionable (*see Baron Assoc., LLC v Garcia Group Enters., Inc.*, 96 AD3d 793, 794 [2012]; *New York Community Bank v Parade Place, LLC*, 96 AD3d 542, 543 [2012]; *CFSC Capital Corp. XXVII v Bachman Mech. Sheet Metal Co.*, 247 AD2d 502, 505 [1998]).

The parties' remaining contentions are either without merit or not properly before this Court. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.