■ CITIMORTGAGE, INC., Respondent, v THERESA GUILLERMO, Appellant, et al., Defendants. [39 NYS3d 86]—

In an action to foreclose a mortgage, the defendant Theresa Guillermo appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Connolly, J.), dated June 3, 2014, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

In October 2006, Theresa Guillermo (hereinafter the defendant) executed a note and mortgage in the principal sum of $448,000 in favor of the plaintiff, CitiMortgage, Inc. In August 2009, the defendant allegedly defaulted on her payment obligations under the note and mortgage, and the plaintiff commenced the instant mortgage foreclosure action in June 2010. Issue was joined, and the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. The Supreme Court granted the motion.

In residential mortgage foreclosure actions, as here, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the default (see RBS Citizens, N.A. v Galperin, 135 AD3d 735, 736 [2016]; Midfirst Bank v Agho, 121 AD3d 343, 347 [2014]; W & H Equities LLC v Odums, 113 AD3d 840, 841 [2014]; Washington Mut. Bank v Schenk, 112 AD3d 615, 616 [2013]; Wells Fargo Bank, N.A. v Webster, 61 AD3d 856 [2009]). The burden then shifts to the defendant to raise a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff (see Flushing Sav. Bank, FSB v Sharp Realty, LLC, 136 AD3d 652, 652 [2016]; Emigrant Mtge. Co., Inc. v Beckerman, 105 AD3d 895, 895 [2013]; Mahopac Natl. Bank v Baisley, 244 AD2d 466, 467 [1997]).

Here, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (see Emigrant Mtge. Co., Inc. v Beckerman, 105 AD3d at 895). In opposition, the defendant failed to raise a triable issue of fact. Contrary to her contention, she did not raise a triable issue of fact as to whether the doctrine of unclean hands barred this foreclosure action (see Zarabi v Movahedian, 136 AD3d 895, 896 [2016]; Bank of Smithtown v 219 Sagg Main, LLC, 107 AD3d 654, 655 [2013]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant.

Moreover, contrary to the defendant's contention, the Supreme Court properly found that the motion was not premature. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (*Buto v Town of Smithtown*, 121 AD3d 829, 830 [2014] [internal quotation marks omitted]; *see Rodriguez v Gutierrez*, 138 AD3d 964, 968 [2016]; *Cajas-Romero v Ward*, 106 AD3d 850, 852 [2013]). The mere hope or speculation that evidence sufficient to defeat the motion might be uncovered during discovery is an insufficient basis for denying the motion (*see Chou v Ocean Ambulette Serv., Inc.*, 131 AD3d 1091, 1093 [2015]; *Buchinger v Jazz Leasing Corp.*, 95 AD3d 1053, 1054 [2012]). Here, the defendant failed to make the requisite showing (*see Vikram Constr., Inc. v Everest Natl. Ins. Co.*, 139 AD3d 720, 721 [2016]). Rivera, J.P., Leventhal, Maltese and Barros, JJ., concur.