■ WELLS FARGO BANK, N.A., Respondent, v WAYNE MILLER, Appellant, et al., Defendants. [55 NYS3d 309]—

In an action to foreclose a mortgage, the defendant Wayne Miller appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Rockland County (Garvey, J.), dated April 16, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him and for an order of reference, and denied his cross motion for leave to amend his answer to assert an additional affirmative defense and a counterclaim, and (2) so much of an order of the same court, also dated April 16, 2015, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against him and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan.

Ordered that the appeal from so much of the first order dated April 16, 2015, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Wayne Miller is dismissed, as that portion of the order was superseded by the second order dated April 16, 2015; and it is further,

Ordered that the first order dated April 16, 2015, is affirmed insofar as reviewed; and it is further,

Ordered that the second order dated April 16, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In January 2007, Wayne Miller (hereinafter the defendant) executed a note in the sum of $270,000 in favor of American Home Mortgage, which was secured by a mortgage on residential property in Nanuet. In July 2011, the mortgage was assigned to Wells Fargo Bank, N.A. (hereinafter the plaintiff). In May 2013, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. The defendant served an answer to the complaint in which he asserted affirmative defenses. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In opposition, the defendant submitted, among other things, an affidavit in which he stated that the plaintiff obtained a hazard insurance policy covering the premises, causing his monthly payments to increase substantially, and continued to maintain the coverage despite his showing of proof that he maintained his own hazard insurance policy covering the premises. The defendant cross-moved for leave to amend his answer to assert

an additional affirmative defense and a counterclaim, both based on the plaintiff's allegedly improper conduct in obtaining "force-placed insurance," also known as "lender-placed insurance" (hereinafter LPI). By order dated April 16, 2015, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and denied the defendant's cross motion for leave to amend his answer. By a second order dated April 16, 2015, the court, among other things, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan.

The Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In a mortgage foreclosure action, the plaintiff establishes its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the unpaid note, and evidence of the mortgagor's default (see *Grodsky v Moore*, 136 AD3d 865, 865 [2016]; *Aurora Loan Servs., LLC v Enaw*, 126 AD3d 830, 830 [2015]). The burden then shifts to the defendant to raise a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff (see *CitiMortgage, Inc. v Guillermo*, 143 AD3d 852, 853 [2016]; *Mahopac Natl. Bank v Baisley*, 244 AD2d 466, 467 [1997]).

Here, the plaintiff met its burden by submitting the mortgage, the unpaid note, and the affidavit of its vice president, Shae Smith, stating that the defendant defaulted under the terms and conditions of the note by failing to make the monthly payments due on April 1, 2011, and thereafter.

In opposition, the defendant failed to raise a triable issue of fact as to a bona fide defense to the action. The plaintiff's obtaining of hazard insurance for the premises under the circumstances presented was permissible under the express terms of the mortgage. Contrary to the defendant's contention, a defense based on the plaintiff's alleged breach of the implied covenant of good faith and fair dealing by continuing to maintain LPI after the defendant obtained his own policy was precluded by the release provisions of a settlement agreement in a class action commenced in the United States District Court, Southern District of Florida, against, among others, the plaintiff herein. The settlement agreement barred every settle-

ment class member (hereinafter class member) from asserting any "claims . . . and demands of any kind whatsoever" relating to the policies and practices of the defendants therein relating to LPI (*see Fladell v Wells Fargo Bank, N.A.*, 2014 WL 5488167, 2014 US Dist LEXIS 156307 [SD Fla, Oct. 29, 2014, No. 0:13-cv-60721]). The defendant, who, under the terms of the settlement agreement, was a class member, did not opt out of the settlement agreement. Therefore, he was bound by the terms of the settlement agreement. For the same reason, the Supreme Court properly denied the defendant's cross motion for leave to amend his answer to assert an affirmative defense and counterclaim based on the plaintiff's conduct in maintaining LPI covering the premises. Balkin, J.P., Cohen, Hinds-Radix and Maltese, JJ., concur.