Excel Capital Group Corp. v 225 Ross St. Realty, Inc. (2018 NY Slip Op 07291)





Excel Capital Group Corp. v 225 Ross St. Realty, Inc.


2018 NY Slip Op 07291


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-00596
 (Index No. 1732/14)

[*1]Excel Capital Group Corp., respondent, 
v
225 Ross Street Realty, Inc., appellant, et al., defendants.


Andrew Citron, New York, NY, for appellant.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (James E. Durso and Bruce J. Bergman of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant 225 Ross Street Realty, Inc., appeals from a judgment of foreclosure and sale of the Supreme Court, Kings County (David B. Vaughan, J.), dated December 12, 2016. The judgment, upon an order of the same court (Lara J. Genovesi, J.) dated October 2, 2015, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, affirmative defenses, and counterclaims, and to appoint a referee to compute the amount due to the plaintiff, and upon an order of the same court (David B. Vaughan, J.) dated June 17, 2016, granting the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and denying that defendant's cross motion to vacate the referee's report, among other things, directed the sale of the subject premises.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
In 2009, the plaintiff commenced an action to foreclose a mortgage given by the defendant 225 Ross Street Realty, Inc. (hereinafter the defendant). That action was dismissed without prejudice. In 2011, the plaintiff commenced a second action to foreclose the mortgage. In 2013, the Supreme Court granted the plaintiff's motion to discontinue the second action without prejudice, in anticipation of settling the matter by offering the defendant an opportunity to reinstate the loan. After the defendant failed to tender the full amount necessary to reinstate the loan, the plaintiff commenced this action to foreclose the mortgage in 2014. In its complaint, the plaintiff alleged that the defendant had defaulted under the terms of the note and mortgage by failing to make the monthly payment due on June 1, 2009, and each month thereafter. In its answer, the defendant asserted the affirmative defense of payment and counterclaims alleging, inter alia, fraud, breach of contract, and breach of fiduciary duty.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, affirmative defenses, and counterclaims, and to appoint a referee to compute the amount due. In opposition, the defendant argued that it had tendered the monthly payments and later the amount necessary to reinstate the [*2]loan, less certain escrow disbursements and advances, and that its tender was improperly rejected by the plaintiff. The defendant further argued that the escrow disbursements and advances, inter alia, for tax liens and hazard insurance were duplicative and unauthorized. In an order dated October 2, 2015, the Supreme Court granted the plaintiff's motion.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved to vacate the referee's report on the grounds that the referee had failed to conduct a hearing and that the award of default interest was erroneously calculated from 2009 rather than 2013. In an order dated June 17, 2016, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. A judgment of foreclosure and sale was subsequently issued upon the orders. The defendant appeals from the judgment of foreclosure and sale.
Where, as here, the plaintiff sustains its initial burden of demonstrating its entitlement to judgment as a matter of law on its foreclosure cause of action by submitting the note, the mortgage, and proof of the defendant's default in payment (see Washington Mut. Bank v Schenk, 112 AD3d 615), it was incumbent upon the defendant to demonstrate, by admissible evidence, the existence of a triable issue of fact as to a bona fide defense (see Grogg v South Rd. Assoc., L.P., 74 AD3d 1021; Wells Fargo Bank, N.A. v Webster, 61 AD3d 856).
Even when viewed in the light most favorable to the defendant (see Flushing Sav. Bank, FSB v Sharp Realty, LLC, 136 AD3d 652; Emigrant Funding Corp. v Agard, 121 AD3d 935; Cochran Inv. Co., Inc. v Jackson, 38 AD3d 704), its submissions failed to raise a triable issue of fact as to a bona fide defense to foreclosure (see Wells Fargo Bank, N.A. v Miller, 150 AD3d 1046). The conclusory assertions submitted in opposition to the plaintiff's motion were not supported by competent evidence (see CPLR 4518). Further, the escrow expenditures for insurance and taxes were permissible under the terms of the mortgage (see Wells Fargo Bank, N.A. v Miller, 150 AD3d at 1048), and the plaintiff was within its rights to reject the partial payment tendered by the defendant (see Washington Mut. Bank v Schenk, 112 AD3d at 616; Bank of N.Y. v Midland Ave. Dev., 193 AD2d 641; see also Tanger v Ferrer, 49 AD3d 286; Cardella v Giancola, 297 AD2d 618; Jeferne, Inc. v Capanegro, 96 AD2d 577). Moreover, a dispute as to the total amount of indebtedness does not preclude an award of summary judgment to the plaintiff on the issue of foreclosure, but is properly raised before the referee in computing the amount due (see RPAPL 1321; Mannino v Wells Fargo Home Mtge., Inc., 155 AD3d 860; Josovich v Ceylan, 133 AD3d 570; Mishal v Fiduciary Holdings, LLC, 109 AD3d 885; Shufelt v Bulfamante, 92 AD3d 936; First Nationwide Bank v Goodman, 272 AD2d 433; Crest/Good Mfg. Co. v Baumann, 160 AD2d 831; Johnson v Gaughan, 128 AD2d 756).
Contrary to the defendant's contention, that branch of the plaintiff's motion which was for summary judgment was not premature, as the defendant offered mere hope and speculation that evidence sufficient to defeat that branch of the motion may be uncovered during the discovery process (see Bank of Am. N.A. v Masri, 158 AD3d 660; CitiMortgage, Inc. v Guillermo, 143 AD3d 852). Accordingly, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant.
We also agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was to strike the defendant's affirmative defenses and counterclaims. Although the defendant's second counterclaim, alleging fraud, survived the express waiver in the mortgage of the right to claim any offset and to assert a counterclaim (see Mishal v Fiduciary Holdings, LLC, 109 AD3d at 885-886; European Am. Bank v Mr. Wemmick, Ltd., 160 AD2d 905; Fleet Bank v Petri Mech. Co., 244 AD2d 523), the defendant neither alleged nor provided evidence of any specific misrepresentations by the plaintiff on which it reasonably relied (see CPLR 3016[b]; Archer Capital Fund, L.P. v GEL, LLC, 95 AD3d 800; Daly v Kochanowicz, 67 AD3d 78), and the plaintiff credited the defendant's escrow account for the amount of the duplicate tax lien payment.
There was insufficient evidence to support the Supreme Court's finding that the [*3]defendant had been properly notified of the hearing before the referee or given the opportunity to participate in the same either in person or through submissions. The evidence did not show that the plaintiff's counsel served the plaintiff's proposed calculations upon the defendant, as instructed by the referee, so that the defendant did not have the opportunity to serve objections. The letter accompanying the plaintiff's proposed referee's oath and report of amount due made no reference of any date by which objections would be due or indicated that the submission of such papers would be in lieu of a hearing. Consequently, the record does not establish that the defendant waived its right to a hearing before the referee (see CPLR 4313; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 629, affd 25 NY3d 355; 243 W. 98th Condominium v Shapiro, 12 AD3d 591, 592).
However, the defendant is not entitled to a new determination on the issue of the principal sum due on the mortgage. The defendant was not prejudiced by its inability to submit evidence directly to the referee since it submitted evidence to support its contention that default interest was due beginning in 2013, not in 2009, when it opposed the plaintiff's motion, inter alia, to confirm the referee's report and cross-moved to vacate the referee's report. The Supreme Court, as the ultimate arbiter of the dispute with the power to reject the referee's report and make new findings (see CPLR 4403), considered the defendant's evidence and correctly concluded that the defendant's contention was without merit (see Deutsche Bank Natl. Trust Co. v Zlotoff, 77 AD3d 702; Adelman v Fremd, 234 AD2d 488; Stein v American Mtge. Banking, 216 AD2d 458; Shultis v Woodstock Land Dev. Assoc., 195 AD2d 677; cf. Aurora Loan Servs., LLC v Taylor, 114 AD3d at 629-630; Sears v First Pioneer Farm Credit, ACA, 46 AD3d 1282). Accordingly, we agree with the court's determination to grant the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and to deny the defendant's cross motion to vacate the referee's report.
BALKIN, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court