M & T Bank v Capolino (2019 NY Slip Op 00591)





M & T Bank v Capolino


2019 NY Slip Op 00591


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-04005
2017-03312
 (Index No. 3533/09)

[*1]M & T Bank, respondent, 
v
Janet P. Capolino, etc., appellant, et al., defendants.


Teahan & Constantino, LLP, Poughkeepsie, NY (Richard I. Cantor of counsel), for appellant.
Schiller, Knapp, Lefkowitz & Hertzel, LLP, Latham, NY (Gary A. Lefkowitz of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Janet P. Capolino appeals from (1) an order of the Supreme Court, Dutchess County (Peter M. Forman, J.), dated March 1, 2016, and (2) a judgment of foreclosure and sale of the same court dated February 1, 2017. The order, insofar as appealed from, after a hearing, in effect, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Janet P. Capolino and denied that branch of that defendant's cross motion which was for summary judgment on her second counterclaim. The judgment of foreclosure and sale, upon the order dated March 1, 2016, inter alia, directed the sale of the subject property.



DECISION & ORDER
Cross motion by the plaintiff, inter alia, to dismiss the appeal from the order on the ground that the right of direct appeal therefrom terminated upon entry of the judgment of foreclosure and sale. By decision and order on motion of this Court dated March 2, 2018, the branch of the cross motion which was to dismiss the appeal from the order was held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the plaintiff's cross motion which was to dismiss the appeal from the order is granted; and it is further,
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241). [*2]The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
The plaintiff commenced this action against Janet P. Capolino (hereinafter the defendant), among others, to foreclose a mortgage on certain property located in Pawling. The defendant interposed an answer with various affirmative defenses and counterclaims. The second affirmative defense and second counterclaim alleged that the plaintiff engaged in unconscionable and inequitable conduct in the making of the subject mortgage, warranting, among other things, a determination that the mortgage is void and subject to cancellation and discharge.
The plaintiff moved for summary judgment on the complaint insofar as asserted against the defendant and to strike her answer, affirmative defenses, and counterclaims. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her and for summary judgment on her counterclaims. After a hearing on the issue of unconscionability, as alleged in the defendant's second affirmative defense and second counterclaim, the Supreme Court, in effect, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant, and denied that branch of the defendant's cross motion which was for summary judgment on her second counterclaim. Thereafter, the court issued a judgment of foreclosure and sale, inter alia, directing the sale of the subject property. The defendant appeals, arguing that the court should have denied the plaintiff's motion for summary judgment and granted that branch of her cross motion which was for summary judgment on her second counterclaim to the extent that it alleged inequitable conduct, as distinct from unconscionability.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002 [internal quotation marks omitted]; see Hudson City Sav. Bank v Genuth, 148 AD3d 687, 688-689). The burden then shifts to the defendant to raise a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff (see Wells Fargo Bank, N.A. v Miller, 150 AD3d 1046).
Here, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (see CitiMortgage v Guillermo, 143 AD3d 852). In opposition, the defendant failed to raise a triable issue of fact. Contrary to the defendant's contention, the plaintiff's conduct in lending her funds without regard to her income, though arguably unwise, was not so manifestly unfair as to bar this action under principles of equity (cf. Emigrant Mtge. Co., Inc. v Fitzpatrick, 95 AD3d 1169, 1171; Argent Mortgage Co., LLC v Mentesana, 79 AD3d 1079, 1081).
Accordingly, we agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant and denying that branch of the defendant's cross motion which was for summary judgment on her second counterclaim.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court