| U.S. Bank Trust N.A. v Dougherty |
|:---:|
| 2025 NY Slip Op 32024(U) |
| June 3, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 506436/19 |
| Judge: Cenceria Edwards |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part FRP-1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 3rd day of June, 2025.

P R E S E N T:

HON. CENCERIA EDWARDS,

Justice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF10 MASTER PARTICIPATION TRUST,

Plaintiff,

- against -

Index No. 506436/19

CHARLES P. DOUGHERTY A/K/A CHARLES DOUGHERTY, UNITED STATES OF AMERICA BY THE INTERNAL REVENUE SERVICE, NEW YOR STATE DEPARTMENT OF TAXATION AND FINANCE, CITY OF NEW YORK PARKING VIOLATIONS BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD and JOHN DOE,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

The following e-filed papers read herein:

NYSCEF Doc Nos.

| | |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Cross Motion and Affidavits (Affirmations) | 40-41, 43-52   55-71 |
| Opposing Affidavits (Affirmations) | 56-71        75-76 |
| Reply Affidavits (Affirmations) | 75-76        79 |

Upon the foregoing papers in this action to foreclose a mortgage encumbering the residential property at 866 Schenectady Avenue in Brooklyn (Block 4883, Lot 31) (Property), plaintiff U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust (US Bank or Plaintiff) moves (in motion sequence [mot. seq.] one) for an order: (1) granting it summary judgment; (2) striking the answer of Defendant Charles P. Dougherty

[* 1]

(Dougherty or Defendant); and (3) granting an order of reference to compute the amount due to Plaintiff (NYSCEF Doc No. 40).

Defendant Dougherty cross-moves (in mot. seq. two) for an order: (1) dismissing the complaint, pursuant to CPLR 3211 and 3212; or, alternatively, (2) "adjourning the Plaintiff's pending motion for summary judgment until, on or by a date certain set by the Court, the Plaintiff has fully disclosed documents and information, timely demanded by the Defendant [and] needed by the Defendant in further support of opposition to summary judgment" (NYSCEF Doc No. 55).

## **Background**

On March 25, 2019, US Bank commenced this foreclosure action by filing a summons, an unverified complaint and a notice of pendency against the Property (NYSCEF Doc Nos. 1-2). The complaint alleges that on or about June 18, 2007, Defendant Dougherty executed and delivered "a certain Consolidated Note or notes" in the principal amount of $410,000.00, which was secured by "a mortgage or mortgages" encumbering his Property (NYSCEF Doc No. 1 [complaint] at ¶¶ 4 and 6). The complaint alleges that the loan was subsequently modified by a Consolidation, Extension and Modification Agreement (CEMA) (*id.* at ¶ 8). The complaint alleges that Dougherty "failed and neglected to comply with the terms of said Note, Mortgage/Agreements, and/or said instruments secured by said Mortgage by failing to repay the installment payments due on January 1, 2017 and subsequent payments" (*id.* at ¶ 9). Regarding the note, the complaint alleges that:

2

[* 2]

"Plaintiff is in possession of the Lost Note Affidavit. The underlying Note was payable to the Plaintiff or indorsed (specifically or in blank) and negotiated to the Plaintiff. Prior to the filing of this Complaint, Plaintiff or Plaintiffs Agent was in possession and control of the original note or evidence of ownership of the consolidated note" (*id.* at ¶ 5).

Annexed to the complaint is an October 31, 2018, "Affidavit of Lost Note" by Brian Arnold, II, Assistant Vice President of Caliber Home Loans, Inc. (Caliber), US Bank's purported servicer and attorney-in-fact (NYSCEF Doc No. 1 at pages 13-14).

On April 30, 2019, Dougherty answered the complaint, asserted a general denial and affirmative defenses, including lack of standing (NYSCEF Doc No. 29).

***US Bank's Summary Judgment Motion***

On February 19, 2020, US Bank moved for an order granting it summary judgment, striking Dougherty's answer and granting it an order of reference (NYSCEF Doc No. 40). US Bank submits an affidavit from Kollette Modlin (Modlin), an "Authorized Officer" of Caliber, US Bank's purported servicer and attorney-in-fact, based on her review of "the books and records contemporaneously created, and regularly maintained and utilized by Caliber . . ." (NYSCEF Doc No. 50 at ¶ 1). Notably, US Bank does not annex a power of attorney or any other documentation evidencing Caliber's authority to speak on its behalf. Without referencing or annexing any business records, Modlin attests that "Defendant(s) Charles P. Dougherty a/k/a Charles Dougherty, breached the obligations owed under the terms of the Note and Mortgage by failing to tender the installment which became due and payable on January 1, 2017 and by failing to tender subsequent installments" and "[t]here

3

[* 3]

is presently due and owing to Plaintiff the sum of $451,490.77, together with interest thereon from December 1, 2016" (*id.* at ¶¶ 10 and 17). Modlin also attests that "[b]ased on the business records I reviewed, the Plaintiff has been in continuous possession of the Lost Note Affidavit and Mortgage prior to referring the Loan to be foreclosed" (*id.* at ¶ 8).

Regarding the 90-day pre-foreclosure notice, pursuant to RPAPL § 1304, Modlin attests that:

> "[a]fter failing to receive the funds necessary to cure the default a 90 Day Pre-Foreclosure Notice was mailed in accordance with RPAPL 1304, to the last known address of the Borrower(s), and if different, to the residence which is the subject of the Mortgage by registered/certified mail and first class mail. Attached hereto as **Exhibit B** is a copy of the 90 Day Pre-Foreclosure Notice. Pursuant to records we maintain, I confirm the attached copy of the 90 Day Pre-Foreclosure Notice is a true copy that was mailed to the Borrower(s) at the address(es) listed" (*id.* at ¶ 12).

Annexed to Modlin's affidavit is a September 7, 2017, 90-day pre-foreclosure notice from Ditech Financial, LLC (Ditech), addressed to Charles P. Dougherty. Notably, Modlin does not attests to having any personal knowledge regarding Ditech's standard mailing procedures to ensure receipt by the addressee.

### *Dougherty's Opposition and Summary Judgment Cross Motion*

On July 10, 2020, Dougherty opposed US Bank's motion and cross-moved for summary judgment dismissing the complaint or, alternatively, an adjournment of US Bank's motion until US Bank produces discovery purportedly needed to oppose the motion (NYSCEF Doc No. 55).

4

[* 4]

Dougherty submits an affidavit attesting that the Property is his primary residence and "[n]either U.S. Bank nor anyone else sent me - either by Regular or Certified Mail - copies of '90 Day Notices' (Exhibits 'C' and 'E') before the Bank sued me in 2019" (NYSCEF Doc No. 57 at ¶¶ 5-6). Dougherty further attests that "[m]y local postal carriers never delivered copies of that 'Notice' to me at my home[,]" "[n]o one ever left a notification at my home that I could pick up copies of Certified Mail 'Notices' at my local post office" and "[n]o one else resides at my home, and for that reason I know that no Certified Mail 'Notices' were ever delivered to me by delivery to another resident at the property" (*id.* at ¶¶ 7-9). Dougherty attests that US Bank failed to produce a green receipt from the certified mailing of the 90-day notices, despite his discovery demand for copies of the original green certified mail receipt with "franking" stamps from the United States Post Office as proof of mailing (*id.* at ¶¶ 13-17).

Defense counsel submits an affirmation asserting that Modlin's sworn claims regarding Ditech's mailing of the 90-day pre-foreclosure notices "are belied by the tracking records of the U.S. Postal Service (USPS), proving that she or US [Bank] printed out ('downloaded') Certified Mail 'labels' but never used them (i.e., never put the labels into 'the System') to send real mail to Mr. Dougherty" (NYSCEF Doc No. 56 at ¶ 8). Defense counsel asserts that "Dougherty's testimony is not only fully corroborated by the tracking records of the USPS, it is equally corroborated by the absence of real ('franked') USPS Certified Mail Receipts . . ." (*id.* at ¶ 9). Instead, defense counsel asserts that US Bank is trying to defraud the court "by printing out ('downloading') digital Certified Mail labels or

5

ID numbers that USB never used to send Certified Mail to anyone at all" (*id.* at ¶ 11). Defense counsel further asserts that US Bank is concealing evidence because it failed to produce documents in response to Dougherty's discovery demands, including a copy of the "real ('franked') USPS Certified Mail Receipts, either confirming or ruling out actual compliance on its part with RPAPL 1303 and 1304 . . ." (*id.* at ¶¶ 23 and 27).

Defense counsel also argues that US Bank lacks standing to foreclose, as evidenced by Modlin's admission that US bank was only in possession of an "Affidavit of Lost Note" at the time of commencement (*id.* at ¶ 12). Defense counsel argues that the endorsements on the consolidated note are "fraudulent" because they were executed by individuals who were not employed by the entities for which they made the endorsements (*id.* at ¶¶ 16-20). Defense counsel also argues that US Bank has defrauded the court "by presenting a self-serving Affidavit from its own agent as 'proof' that Notes owned by Argent, WAMU and/or First Rate were 'lost' in transit to US [Bank] . . ." (*id.* at ¶ 40).

### US Bank's Opposition and Reply

US Bank, in opposition and in reply, submits an attorney affirmation explaining that "[f]ollowing the physical delivery of the Note to the Plaintiff, it appears that the original Note was lost" and "a Lost Note Affidavit . . . is an enforceable instrument" pursuant to UCC § 3-804[1] (NYSCEF Doc No. 75 at ¶ 4). US Bank's counsel asserts that the Affidavit

---

[1] UCC § 3-804 provides that "[t]he owner of an instrument which is lost, whether by destruction, theft or otherwise, may maintain an action in his own name and recover from any party liable thereon upon due proof of his ownership, the facts which prevent his production of the instrument and its terms."

6

[* 6]

of Lost Note executed by an Assistant Vice President of the servicer of the loan "confirms the 'fact' that Plaintiff remained the owner of the obligation incurred by the Defendant and remained the entity entitled to enforce the obligations agreed to by the Defendant at all times covered by the [Lost Note Affidavit]" (*id.* at ¶ 5).

Regarding the RPAPL § 1304 notices, Plaintiff's counsel submits, for the first time on reply, an "Affidavit of Mailing" of the RPAPL § 1304 notice from Jamar Harris (Harris), an officer of Caliber, who attests that Caliber's servicing records include the records of the prior loan servicer, Ditech, which purportedly served the 90-day notices upon Dougherty (NYSCEF Doc No. 76 at ¶ 3). Notably, Harris *does not* attest to having any knowledge of Ditech's standard office mailing practices.

### Discussion

Summary judgment is a drastic remedy that deprives a litigant of his or her day in court and should, thus, only be employed when there is no doubt as to the absence of triable issues of material fact (*Kolivas v Kirchoff*, 14 AD3d 493 [2d Dept 2005]; *see also Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). "The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment, as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Manicone v City of New York*, 75 AD3d 535, 537 [2d Dept 2010], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). If it is determined that the movant has made a prima facie showing of entitlement to summary

7

[* 7]

judgment, "the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Garnham & Han Real Estate Brokers v Oppenheimer*, 148 AD2d 493 [2d Dept 1989]).

Generally, to establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and admissible evidence of the borrower's payment default (*see Deutsche Bank Natl. Trust Co. v Karibandi*, 188 AD3d 650, 651 [2d Dept 2020]; *Christiana Trust v Moneta,* 186 AD3d 1604, 1605 [2d Dept 2020]; *Deutsche Bank Trust Co. Ams. v Garrison*, 147 AD3d 725, 726 [2d Dept 2017]). Where a plaintiff establishes prima facie entitlement to judgment, the burden then shifts to the defendant to raise a triable issue of fact as to a bona fide defense to the action (*CitiMortgage, Inc. v Guillermo*, 143 AD3d 852, 853 [2d Dept 2016]; *Mahopac Natl. Bank v Baisley*, 244 AD2d 466, 467 [2d Dept 1997]).

RPAPL § 1304 (1) provides that "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute requires that such notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (RPAPL § 1304 [2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (*Citibank, N.A. v Conti-Scheurer*, 172 AD3d 17, 20 [2d Dept 2019]). The plaintiff bears the burden of establishing strict

[* 8]

compliance with RPAPL § 1304 (*Nationstar Mortg., LLC v Osikoya*, 205 AD3d 1038, 1039 [2d Dept 2022]). The Second Department has held that proof of the requisite mailing can be demonstrated by "proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (*Citibank, N.A. v Conti-Scheurer*, 172 AD3d at 21 [internal quotations marks omitted]).

Here, US Bank is not entitled to summary judgment because it failed to demonstrate Dougherty's payment default because its motion is based entirely on the affidavit of Kollette Modlin, an "Authorized Officer" of Caliber without a valid power of attorney evidencing that Caliber had any authority to act or speak on US Bank's behalf (*see Citibank, N.A. v Herman*, 215 AD3d 629, 630 [2d Dept 2023]). Furthermore, the Second Department has held that affidavit testimony regarding a borrower's default based on a review of business records is inadmissible hearsay if the business records themselves are not produced (*see Deutsche Bank National Trust Company v Elshiekh*, 179 AD3d 1017, 1021 [2d Dept 2020]; *Bank of New York Mellon v Gordon*, 171 AD3d 197, 208-209 [2d Dept 2019]; *JPMorgan Chase Bank National Assoc. v Grennan*, 175 AD3d 1513, 1516-1517 [2d Dept 2019]). Here, Modlin's affidavit testimony regarding Dougherty's alleged payment default was not supported by the payment history of the loan maintained by US Bank or its authorized agent in the regular course of business.

Moreover, US Bank failed to demonstrate that it complied with the requirements of RPAPL § 1304 by submitting admissible evidence that Ditech, a prior servicer, mailed the

9

[* 9]

RPAPL § 1304 notice to Dougherty by both certified and first-class mail. While Plaintiff submitted an "Affidavit of Mailing" of the RPAPL § 1304 notice from Jamar Harris, an officer of Caliber, Harris does not attest that he has any knowledge of Ditech's standard office mailing practices.

Because there are issues of fact regarding the foregoing, as well as issues raised by Dougherty regarding the lost promissory note, summary judgment is not warranted. Accordingly, it is hereby

**ORDERED** that US Bank's motion (mot. seq. one) is denied without prejudice to renewal upon proper papers; and it is further

**ORDERED** that Dougherty's summary judgment cross-motion (mot. seq. two) is denied.

This constitutes the decision and order of the court.

E N T E R,

_____

J. S. C. Hon. Cenceria P. Edwards, CPA

10

[* 10]